JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Landmark American Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Fulton County, GA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deasey, Mahoney & Valentini, Ltd., 1601 Market Street, Suite 3400, Philadelphia, PA 19103 (215) 587-9400

## DEFENDANTS
Charles Mandracchia, Keith M. McWhirk, Mandracchia Law, LLC, Mandracchia & Modesti, LLC, Mandracchia & McWhirk, LLC,

County of Residence of First Listed Defendant   Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      Another District
      *(specify)*

☐ 6 Multidistrict
      Litigation -
      Transfer

☐ 8 Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2201
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  4/15/18

SIGNATURE OF ATTORNEY OF RECORD
*William A. Rubert*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY,<br><br>                               Plaintiff<br><br>            v.<br><br>CHARLES MANDRACCHIA, KEITH M. MCWHIRK, MANDRACCHIA LAW, LLC, MANDRACCHIA & MODESTI, LLC, and MANDRACCHIA & MCWHIRK, LLC,<br><br>                               Defendants | CIVIL ACTION<br><br>CASE NO. _____ |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.        (x)

| | | |
|---|---|---|
| November 15, 2018 | *William A. Rubert* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| (215) 587-9400 | (215) 587-9456 . | wrubert@dmvlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**18    4949**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 94 E. Paces Ferry Road, Atlanta, GA  30326 _____

Address of Defendant: _____ 2024 Cressman Road, Skippack, Pennsylvania _____

Place of Accident, Incident or Transaction: _____ Skippack, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4   Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/15/2018   _____ William a. Rubert _____   42208

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D  # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5   Patent
☐ 6.   Labor-Management Relations
☐ 7.   Civil Rights
☐ 8.   Habeas Corpus
☐ 9   Securities Act(s) Cases
☐ 10   Social Security Review Cases
☐ 11   All other Federal Question Cases
*(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

☑ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury *(Please specify)* _____
☐ 7.   Products Liability
☐ 8.   Products Liability – Asbestos
☐ 9.   All other Diversity Cases
*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, _____ William A. Rubert _____, counsel of record *or* pro se plaintiff, do hereby certify

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs:

☑   Relief other than monetary damages is sought.

NOV 15 2018

DATE: 11/15/2018   _____ William a. Rubert _____   42208

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D  # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F.R C P 38

Civ 609 (5/2018)

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>CHARLES MANDRACCHIA, KEITH M. MCWHIRK, MANDRACCHIA LAW, LLC, MANDRACCHIA & MODESTI, LLC, and MANDRACCHIA & MCWHIRK, LLC,<br>Defendants | CIVIL ACTION<br><br>CASE NO. _____ |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

NOW COMES Plaintiff LANDMARK AMERICAN INSURANCE COMPANY ("Landmark") by and through counsel, and for its Complaint for Declaratory Judgment against Defendants, CHARLES MANDRACCHIA, KEITH M. MCWHIRK, MANDRACCHIA LAW, LLC, MANDRACCHIA & MODESTI, LLC, and MANDRACCHIA & MCWHIRK, LLC, states as follows:

### Nature of Action

1.     Plaintiff Landmark is an insurance company that issued a claims-made professional liability policy of insurance to Defendant Mandracchia Law, LLC. Landmark brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration with respect to its duty to defend and indemnify Charles Mandracchia, Keith McWhirk, Mandracchia Law, LLC, Mandracchia & Modesti, LLC, and Mandracchia & McWhirk, LLC ("Mandracchia Law Defendants") with respect to an underlying lawsuit styled *Bryan Bell, et al. v. Charles Mandracchia, et al.*, case number CPM-L-9-18, filed in the Superior Court of New Jersey, Law Division, Cape May County, on January 9, 2018 (the "<u>Bell</u> lawsuit"). Landmark seeks a declaration that no coverage

is available under the subject Landmark Policy and that Landmark has no obligation to defend or indemnify the Mandracchia Law Defendants with respect to the <u>Bell</u> lawsuit.

2.     There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Landmark Policy. Landmark contends that there is no obligation to defend or indemnify the Mandracchia Law Defendants in connection with the claims asserted in the underlying <u>Bell</u> lawsuit based on the terms of the Landmark Policy and applicable law.

3.     Landmark has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Landmark Policy.  A judicial declaration is necessary and appropriate at this time so that Landmark may ascertain its rights and duties with respect to defense and indemnity under the Landmark Policy for the underlying <u>Bell</u> lawsuit.

4.     Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b), in that at least one Defendant resides in this district, and a substantial part of the events giving rise to this claim occurred in this district.

**The Parties**

6.     Landmark American Insurance Company is an Oklahoma corporation engaged in the insurance business with its principal place of business in Atlanta, Georgia. It is a citizen of Oklahoma and Georgia.

2

7.     On information and belief, Defendant Mandracchia Law, LLC, is a Pennsylvania limited liability company and law firm with a principal place of business at 2024 Cressman Road, Skippack, PA 19474.  It is a citizen of Pennsylvania.

8.     On information and belief, Defendant Mandracchia Law, LLC, previously conducted business under the names Mandracchia & McWhirk, LLC, and Mandracchia & Modesti, LLC.  On information and belief, Mandracchia & McWhirk, LLC, and Mandracchia & Modesti, LLC, are Pennsylvania citizens.

9.     On information and belief, Defendant Charles Mandracchia is a citizen of Pennsylvania.

10.    On information and belief, Defendant Keith McWhirk is a citizen of New Jersey.

## FACTUAL BACKGROUND

### The Underlying Bell Lawsuit

11.    Bryan Bell, Individually and as Administrator D.B.N.C.T.A. for the Estate of Helen S. Dorsey, Derek Bell, and George Bell ("Bell Defendants") filed a Complaint in the Bell Suit on January 9, 2018, which is pending in the Superior Court of New Jersey, Law Division, Cape May County, under case number CPM-L-9-18.  A copy of the complaint in the Bell lawsuit is attached as **Exhibit A**.

12.    The Bell lawsuit seeks damages arising out of the Mandracchia Defendants' alleged negligence, legal malpractice, breach of contract, and breach of fiduciary duty.

13.    More specifically, the Bell lawsuit alleges the Mandracchia Defendants commenced an attorney-client relationship with the Bell Defendants on or about March 13, 2008, for the purpose of recovering property that had been fraudulently transferred by forged deed on March 31, 2003.

3

14.     According to the <u>Bell</u> lawsuit, the applicable Statute of Limitations for the Bell Defendants to file suit to recover their property expired no later than sometime in 2010. The Bell Defendants allege in the <u>Bell</u> lawsuit that the Mandracchia Defendants represented them until 2016, at which time the Mandracchia Defendants informed Bryan Bell that it was "too late to do anything."

15.     The <u>Bell</u> lawsuit alleges that the Mandracchia Defendant law firms are vicariously liable for the actions and omissions of Defendant Attorneys Keith McWhirk and Charles Mandracchia because, at various times, the attorneys were agents, representatives, employees and managers, members, and/or owners of Mandracchia Law, LLC, Mandracchia & Modesti, LLC, and/or Mandracchia & McWhirk, LLC.

16.     There are nine counts to the complaint in the <u>Bell</u> lawsuit, styled as follows: Count I describes negligence by all defendants, and generally seeks to enjoin certain defendants from the use of the Plaintiffs' property, restore Plaintiffs' title to, and possession of, the property, and/or to award damages to Plaintiffs, along with interest, costs, and attorneys fees; Count II brings a cause of action for trespass based on defendants' wrongful occupation of a portion of Plaintiff's property; Count III is styled as a cause of action for unjust enrichment against other defendants; Count IV generally alleges that all defendants' conduct was willful, wanton and egregious, and seeks compensatory and punitive damages, along with interest, costs, and attorney fees; Count V seeks to quit title to the subject parcel of land; Count VI alleges legal malpractice against the Mandracchia Defendants; Count VII alleges breach of contract against the Mandracchia Defendants; and Counts VIII and IX allege breach of fiduciary duty and negligent misrepresentation against all defendants.

4

### The Landmark Policy

17.     Landmark issued a claims-made professional liability policy, policy number LHR762742, to the Mandracchia Law, LLC, effective March 23, 2017, to March 23, 2018, with limits of $1,000,000 per claim and in the aggregate (the "Landmark Policy").  A copy of the Landmark Policy is attached hereto as **Exhibit B**.

18.     The Landmark Policy includes a Retroactive Date of April 16, 2001.

19.     Landmark is presently defending Charles Mandracchia, Mandracchia Law, LLC, Mandracchia & Modesti, LLC, and Mandracchia & McWhirk, LLC, against the Bell lawsuit under the Landmark Policy, subject to its reservation of rights. Landmark has denied coverage for the Bell lawsuit to Keith McWhirk.

20.     The Landmark Policy describes Covered Persons and Entities, in relevant part, as follows:

> **E.  Covered Persons and Entities**
> 1.  Named Insured as shown in the Declarations, and if the Named Insured is an individual, his or her spouse, or domestic partner, but only with respect to the **Professional Services** rendered by or on behalf of the Named Insured;
> 2.  any **Predecessor Firm(s)**;
> 3.  any lawyer or professional corporation who was a principal, shareholder, partner, officer, director, member, manager, employee or independent contractor of any **Predecessor Firm(s)**, or who was, is or becomes a principal, shareholder, partner, officer, director, member, manager, employee or independent contractor of the Named Insured, but only while acting on behalf of the Named Insured and within the scope of their duties as a lawyer;
>                                         * * *

21.     Mandracchia Law, LLC is the Named Insured identified in the Declarations of the Landmark Policy.

22.     The Bell lawsuit alleges that Charles Mandracchia was a licensed attorney and represented the Bell Defendants in connection with their effort to restore title to certain property from March 13, 2008, until 2016.

23.     To the extent Charles Mandracchia is a lawyer who is a principal, shareholder, partner, officer, director, member, manager, employee or independent contractor of Mandracchia Law, LLC, he may qualify as an "Insured" or "Covered Person" under the Landmark Policy, but only while acting on behalf of Mandracchia Law, LLC, and within the scope of his duties as a lawyer.

24.     The Landmark Policy defines "Predecessor Firm" as follows:

> **Predecessor Firm** means any lawyer, law firm, or professional legal corporation engaged in the practice of law which has undergone dissolution, and either:
> 1. to whose financial assets and liabilities the **Named Insured** is the majority successor in interest, provided such principals, shareholders, partners or officers were responsible for production in excess of fifty percent of the prior law firm's annual gross billings and such billings have been assigned or sent over to the **Named Insured**, or
> 2. at least fifty percent of the principals, shareholders, partners or officers of the prior law firm have joined the **Named Insured**.

25.     To the extent Mandracchia & McWhirk, LLC does not qualify as a "Predecessor Firm" of Mandracchia Law, LLC, it is not an "Insured" or "Covered Entity" under the Policy.

26.     To the extent Mandracchia & Modesti, LLC does not qualify as a "Predecessor Firm" of Mandracchia Law, LLC, it is not an "Insured" or "Covered Entity" under the Policy.

27.     To the extent Keith McWhirk is not a lawyer who was a principal, shareholder, partner, officer, director, member, manager, employee or independent contractor of any "Predecessor Firm(s)", he does not qualify as an "Insured" or "Covered Person" under the Landmark Policy.

28. Part I (Insuring Agreement) of the Landmark Policy provides as follows:

    **A.**    **Covered Services**

    The Company will pay on behalf of the Insured as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error, omission, or **Personal Injury**, even if the **Claim** asserted is groundless, false or fraudulent, in the rendering of or failure to render **Professional Services** as a Lawyer, provided that the:

    1. **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than thirty (30) days after the end of the **Policy Period**;

    2. Negligent act, error or omission or **Personal Injury** took place in a covered territory;

    3. Negligent act, error or omission or **Personal Injury** took place after the **Retroactive Date** shown in the Declarations.

29. The Landmark Policy defines covered "Professional Services" as follows:

**Professional Services** means only services performed for others by an Insured as an escrow agent, lawyer, notary public, administrator, conservator, executor, guardian, guardian ad litem, arbitrator, mediator, trustee, and title insurance agent.

30. The Landmark Policy defines "Claim" as follows:

**Claim** means a written demand for monetary or non-monetary relief received by the Insured during the **Policy Period**, including the service of suit, or the institution of an arbitration proceeding. Additionally, **Claims** that arise from an incident, occurrence or offense first reported by the Insured during the **Policy Period** and accepted by the Company in accordance with **Part IV. A. Notice of Claim** will be considered a **Claim** first made during the **Policy Period**.

31. The Landmark Policy defines "Damages" as follows:

**Damages** means monetary judgment, award or settlement, except those for which insurance is prohibited by law. **Damages** does not include punitive or exemplary **Damages**, fines, penalties, sanctions, taxes, awards, or **Damages** that are multiples of any covered **Damages**, disputes over fees, deposits, commissions or charges for goods or services.

32.     The Landmark Policy only applies to sums that the Mandracchia Defendants become legally obligated to pay as "Damages" arising out of a negligent act, error, omission or "Personal Injury" in the rendering or failure to render "Professional Services" as a Lawyer, provided, in relevant part, that the **Claim** is first made against the Insured during the Policy Period, and reported to Landmark no later than thirty (30) days after the end of the Policy Period.

33.     To the extent the Bell **Claim** was first made against any Mandracchia Defendant prior to March 23, 2017, the Insuring Agreement is not satisfied and there is no coverage under the Policy.

34.     The Landmark Policy contains the following exclusion:

> This policy does not apply to any **Claim** or **Claim Expenses** based upon or arising out of:
> G. Any alleged act, error, omission, **Personal Injury** or circumstance likely to give rise to a **Claim** that an Insured had knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to, any prior **Claim** or possible **Claim** referenced in the Insured's application.

35.     Mandracchia Law, LLC's Application for Lawyers' Professional Liability Insurance (the "Application"), which is incorporated into the Landmark Policy per the foregoing exclusion, is attached as **Exhibit C**.

36.     The Application provides:

> **Claim History**
> 24. In the past (5) years, has any professional liability claim or suit ever been made against the Firm, any predecessor firm, any current member of the Applicant Firm or predecessor firm or any former member of the Firm or predecessor firm?   Yes ☑   No ☐
> *If yes, How many?  __1__  Please complete the Claim Supplement and provide currently valued company loss runs*
> ***
> 26. Have all matters in Questions 24 and 25 been reported to the Firm's former or current insurer(s) or to the former insurer of any predecessor firm or former insurer of a current member of the Firm?
> Yes ☑   No ☐

37.     The Claims Supplemental Application for Lawyers Professional Liability Insurance required by ¶ 24 of the Application is attached as Exhibit D.  It provides:

> 10.  Description of claim: <u>Keith McWhirk was disbarred and his actions may lead to claims.</u>
> a.  Alleged act, error or omission upon which Claimant bases claim: <u>He missed a SOL.</u>

38.     Mandracchia Law, LLC also provided Landmark with the letter dated March 8, 2016, attached as Exhibit E, as part of its application submission during the underwriting process.  It reads:

> Please note that there may be possible claims as a result of Keith M. McWhirk, who used to work at this firm. His law license has been suspended for disciplinary reasons, and he has been terminated from our law firm.

39.     To the extent Mandracchia Law, LLC had knowledge of any alleged act, error, omission, **Personal Injury** or circumstance likely to give rise to the Bell **Claim** prior to March 23, 2017, there is no coverage under the Policy pursuant to Exclusion G.

40.     To the extent the missed statute of limitations disclosed by Mandracchia Law, LLC, on the Claims Supplemental Application for Lawyers Professional Liability Insurance refers to the statute of limitations at issue in the <u>Bell</u> lawsuit, there is no coverage under the Policy pursuant to Exclusion G.

41.     The Landmark Policy is modified by endorsement to include the following exclusion:

## SPECIFIC ATTORNEY EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

### LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS

In consideration of the premium charged, it is agreed that this policy will not apply to any **Damages** or **Claims Expenses** for **Claims** or suits arising out of any act, error, omission or **Personal Injury**, committed at any time by Keith McWhirk.

42.     To the extent the Bell lawsuit alleges a **Claim** for, or arises out of, any act, error or omission committed by Keith McWhirk, there is no coverage under the Landmark Policy for any insured.

43.     The Landmark Policy is modified by endorsement to include the following exclusion:

## SPECIFIC CLAIM EXCLUSION

This endorsement modifies insurance provided under the following:

### LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS

In consideration of the premium charged, it is agreed that this policy will not apply to any **Claims** and/or **Claims Expenses** for or arising out of the facts and/or circumstances, directly or indirectly from or in consequence of, or in any way involving: Keith McWhirk.

44.     To the extent the Bell lawsuit asserts a **Claim** for or arising out of the facts and/or circumstances, directly or indirectly or in consequence of, or in any way involving Keith McWhirk, there is no coverage under the Landmark Policy for any insured.

### COUNT I – DECLARATORY JUDGMENT (Defendant Mandracchia Law, LLC)

45.     Landmark incorporates and re-alleges the preceding paragraphs 1-43 as if fully restated and set forth herein as paragraph 44.

46.     Landmark does not owe a duty to defend or indemnify Defendant Mandracchia Law, LLC in the <u>Bell</u> lawsuit under the Landmark Policy for the following reasons:

   A.     The <u>Bell</u> lawsuit seeks amounts which do not constitute "Damages" as defined by the Landmark Policy.

   B.     The Prior Awareness Exclusion (exclusion G.) bars coverage.

   C.     The Specific Attorney Exclusion bars coverage.

   D.     The Specific Claim Exclusion bars coverage.

### COUNT II – DECLARATORY JUDGMENT
### (Defendant Mandracchia & McWhirk, LLC)

47.     Landmark incorporates and re-alleges the preceding paragraphs 1-43 as if fully restated and set forth herein as paragraph 46.

48.     Landmark does not owe a duty to defend or indemnify Defendant Mandracchia & McWhirk, LLC in the <u>Bell</u> lawsuit under the Landmark Policy for the following reasons:

   A.     Defendant Mandracchia & McWhirk, LLC does not qualify as an "Insured" under the Landmark Policy.

   B.     The <u>Bell</u> lawsuit seeks amounts which do not constitute "Damages" as defined by the Landmark Policy.

   B.     The Prior Awareness Exclusion (exclusion G.) bars coverage.

   C.     The Specific Attorney Exclusion bars coverage.

   D.     The Specific Claim Exclusion bars coverage.

### COUNT III – DECLARATORY JUDGMENT
### (Defendant Mandracchia & Modesti, LLC)

49.     Landmark incorporates and re-alleges the preceding paragraphs 1-43 as if fully restated and set forth herein as paragraph 48.

50.     Landmark does not owe a duty to defend or indemnify Defendant Mandracchia & Modesti, LLC in the <u>Bell</u> lawsuit under the Landmark Policy for the following reasons:

> A.    Mandracchia & Modesti, LLC is does not qualify as an "Insured" under the Landmark Policy.
>
> B.    The <u>Bell</u> lawsuit seeks amounts which do not constitute "Damages" as defined by the Landmark Policy.
>
> C.    The Prior Awareness Exclusion (exclusion G.) bars coverage.
>
> D.    The Specific Attorney Exclusion bars coverage.
>
> E.    The Specific Claim Exclusion bars coverage.

### COUNT IV – DECLARATORY JUDGMENT
### (Defendant Charles Mandracchia)

51.     Landmark incorporates and re-alleges the preceding paragraphs 1-43 as if fully restated and set forth herein as paragraph 50.

52.     Landmark does not owe a duty to defend or indemnify Defendant Charles Mandracchia in the <u>Bell</u> lawsuit under the Landmark Policy for the following reasons:

> A.    The <u>Bell</u> lawsuit seeks amounts which do not constitute "Damages" as defined by the Landmark Policy.
>
> B.    The Prior Awareness Exclusion (exclusion G.) bars coverage.
>
> C.    The Specific Attorney Exclusion bars coverage.
>
> D.    The Specific Claim Exclusion bars coverage.

### COUNT V – DECLARATORY JUDGMENT
### (Defendant Keith McWhirk)

53.     Landmark incorporates and re-alleges the preceding paragraphs 1-43 as if fully restated and set forth herein as paragraph 52.

54.     Landmark does not owe a duty to defend or indemnify Defendant Keith McWhirk in the Bell lawsuit under the Landmark Policy for the following reasons:

A.     The Bell lawsuit seeks amounts which do not constitute "Damages" as defined by the Landmark Policy.

B.     The Prior Awareness Exclusion (exclusion G.) bars coverage.

C.     The Specific Attorney Exclusion bars coverage.

D.     The Specific Claim Exclusion bars coverage.

**Relief Requested**

**WHEREFORE**, Plaintiff LANDMARK AMERICAN INSURANCE COMPANY respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Landmark Policy, together with the following relief:

a.   That this Court find and declare that Landmark has no duty to defend Mandracchia Law, LLC, in connection with the underlying Bell lawsuit;

b.   That this Court find and declare that Landmark has no duty to indemnify Mandracchia Law, LLC, in connection with the underlying Bell lawsuit;

c.   That this Court find and declare that Landmark has no duty to defend Mandracchia & McWhirk, LLC, in connection with the underlying Bell lawsuit;

d.   That this Court find and declare that Landmark has no duty to indemnify Mandracchia & McWhirk, LLC, in connection with the underlying Bell lawsuit;

e.   That this Court find and declare that Landmark has no duty to defend Mandracchia & Modesti, LLC, in connection with the underlying Bell lawsuit;

f.   That this Court find and declare that Landmark has no duty to indemnify Mandracchia & Modesti, LLC, in connection with the underlying Bell lawsuit;

13

g.  That this Court find and declare that Landmark has no duty to defend Charles Mandracchia in connection with the underlying <u>Bell</u> lawsuit;

h.  That this Court find and declare that Landmark has no duty to indemnify Charles Mandracchia in connection with the underlying <u>Bell</u> lawsuit;

i.  That this Court find and declare that Landmark has no duty to defend Keith McWhirk in connection with the underlying <u>Bell</u> lawsuit;

j.  That this Court find and declare that Landmark has no duty to indemnify Keith McWhirk in connection with the underlying <u>Bell</u> lawsuit;

k.  That this Court grant such other and further relief as it deems just and equitable.


Dated this 15th day of November, 2018.

Respectfully submitted,

WILLIAM A. RUBERT, ESQ.
Counsel for Plaintiff, Landmark
American Insurance Company
DEASEY MAHONEY & VALENTINI, LTD.
1601 Market Street, Suite 3400
Philadelphia, PA  19103
(215) 587-9400 (t)
(215) 587-9456 (f)

14

# EXHIBIT A

**SUMMONS**

| | | |
|---|---|---|
| Attorney(s) _____ | **FACCENDA LAW FIRM, LLC** | **Superior Court of** |
| Office Address _____ | 601 Longwood Avenue | **New Jersey** |
| Town, State, Zip Code | Cherry Hill, NJ  08002-2856 | |

Cape May [ ▼ ] County

Law _____ Division

Telephone Number  (856) 773-3031

Attorney(s) for Plaintiff Bryan Bell, Indiv. and as Admin. for

Docket No: CPM-L-000009-18

the Estate of Helen S. Dorsey, Derek Bell

and George Bell

Plaintiff(s)

**CIVIL ACTION
SUMMONS**

vs.

Shore Title Agency, Inc., et al.

Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

 The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

 If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

 If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_Mark Neary_
Clerk of the Superior Court

DATED:  _1-23-18_

Name of Defendant to Be Served: CHARLES D. MANDRACCHIA, ESQ.

Address of Defendant to Be Served: 2024 Cressman Rd. (2nd Floor) Skippack, PA 19474-1229

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

FACCENDA LAW FIRM, LLC
Philip L. Faccenda, Esquire
ID: 000451975
601 Longwood Ave. at Rte. 38
Cherry Hill, NJ 08002-2871
(856) 773-3031
Phil@FaccendaLaw.com
Attorney for Plaintiffs

|  |  |
|---|---|
| BRYAN BELL, Individually and as Administrator D.B.N.C.T.A for the ESTATE OF HELEN S. DORSEY; DEREK BELL; and GEORGE BELL,<br><br>Plaintiffs,<br><br>vs.<br><br>SHORE TITLE AGENCY, INC.; SCOTT D. PETER; ROBERT DAVID COWEN, a/k/a R. DAVID COWEN; JENNIFER M. MADER; KEITH M. McWHIRK; CHARLES D. MANDRACCHIA, ESQUIRE; MANDRACCHIA LAW, LLC; MANDRACCHIA & MODESTI, LLC; MANDRACCHIA & McWHIRK, LLC; JOSEPH BATTAGLIA; ANTHONY J. PERNO, III; BAYVIEW CONDOMINIUM ASSOCIATION, INC.; BAYVIEW CONDOMINIUM; J.P. MORGAN CHASE BANK, N.A., JERSEY SHORE FEDERAL CREDIT UNION; GREEN TREE SERVICING, LLC, a/k/a DITECH FINANCIAL, LLC; JOHN DOES 1 to 10, and ABC CORPORATIONS 1 to 10 (fictitious names describing persons and entities more specifically described in the complaint), Individually, jointly, severally and/or in the alternative,<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>CAPE MAY COUNTY<br><br>Docket No: CPM-L-000009-18<br><br>Civil Action<br><br><br><br><br><br>FIRST AMENDED<br>VERIFIED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, NOTICE OF DEPOSITIONS, REQUEST FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND AFFIDAVIT OF MERIT |

## FACTS AND BACKGROUND

1.    Helen S. Dorsey died testate on February 19, 1987, and appointed her niece, Carole Bell Gonsalves, as Executrix along with Continental Bank which renounced its appointment as co-executor, in a will dated April 29, 1982 that was

1

admitted to Probate in Philadelphia County, Pennsylvania by the Register of Wills on March 2, 1987.

2.      Carole Bell Gonsalves resigned as Executrix and, on December 20, 2017, Plaintiff, Bryan Bell, was appointed by the Register of Wills of Philadelphia County, Pennsylvania, as Administrator D.B.N.C.T.A. (*de bonis non cum testamento annexo*) for the Estate of Helen S. Dorsey.

3.      At the time of her death Helen S. Dorsey maintained a residence at 343 N. 53rd Street, Philadelphia, Pennsylvania 19139 and owned a home at 4110 Susquehanna Avenue, Wildwood, New Jersey 08260, along with the adjoining lots, (all hereinafter collectively referred to as "4110 Susquehanna" or the "property" or the "real estate").

4.      Helen S. Dorsey was the sole owner of these properties having originally owned them with her husband, Clarence W. Dorsey, who died on February 24, 1958.

5.      Plaintiffs, **Bryan Bell**, **Derek Bell**, and **George Bell**, are all the great grandnephews of Helen S. Dorsey, and are Carole Bell Gonsalves' sons. They are also beneficiaries and residuary beneficiaries under Helen S. Dorsey's last Will and Testament dated April 29, 1982.

6.      Defendant, **Shore Title Agency, Inc.** is, and at all times material hereto was, a corporation organized and existing under the laws of the State of New Jersey with an address at 107 East 17th Avenue, Suite 100, North Wildwood, Cape May County, New Jersey 08260.

7.      Defendant **Jennifer M. Mader**, at all times relevant hereto, was the Office Manager at Shore Title Agency, Inc. and was a Notary Public in the State of New Jersey. Mader maintained a business address at 107 East 17th Avenue, Suite 100 North Wildwood, Cape May County, New Jersey 08260.

8.      Cory J. Gilman, Esquire, at all times relevant hereto, was the attorney for Shore Title Agency, Inc. and maintained a business address of 2699 Dune Drive, Avalon, Cape May County, New Jersey 08202.

9.      Defendant **Robert David Cowen, Esquire, also known as R. David Cowen**, Esquire, at all times relevant hereto, was an attorney in the Commonwealth of Pennsylvania that represented the Estate of Helen D. Dorsey.

10.     Defendant, **Scott D. Peter**, is an adult individual who is believed to currently reside at 745 West Montgomery Avenue, Wildwood, Cape May County, New Jersey 08260. At all times relevant hereto, he also conducted business under the trade name of **Peter Sherman Homes.**

11.     Defendant, **Joseph Battaglia**, is an adult individual who is believed to maintain a residence at 4110 Susquehanna Avenue, Unit 2, Wildwood, New Jersey 08260.

12.   Defendant **Anthony J. Perno, III** is an adult individual who is believed to maintain a residence at 4110 Susquehanna Avenue, Unit 1, Wildwood, New Jersey 08260.

13.   The defendant, **Keith M. McWhirk, Esquire**, is or was an attorney previously employed by defendants, **Mandracchia & McWhirk, LLC**, defendant **Mandracchia & Modesti, LLC**, and/or by defendant, **Mandracchia Law, LLC**, and represented the plaintiffs herein in connection with the aforesaid real estate located at 4110 Susquehanna Avenue, Wildwood, New Jersey, and accompanying adjacent lots.

14.   The defendant, **Charles D. Mandracchia, Esquire,** is an attorney employed by the defendants, Mandracchia & McWhirk, LLC, defendant Manracchia & Modesti, LLC, and by defendant, Mandracchia Law, LLC, at various times, and represented the plaintiffs in connection with the aforesaid real estate.

15.   The attorneys, Donald Littman, Esquire, J. Bryan Tuck, Esquire, Aaron Weems, Esquire, Deborah Silver, Esquire, along with defendant, Keith M. McWhirk, Esquire, and defendant, Charles D. Mandracchia, Esquire, were all, at various times, agents, representatives, employees and managers, members and/or owners of defendants, **Mandracchia Law, LLC, Mandracchia & Modesti, LLC, and/or Mandracchia & McWhirk, LLC**, for whose actions the defendant law firms, or one or more of them, are vicariously liable under principles of vicarious liability and/or *respondeat superior*.

16.   The defendant, **J. P. Morgan Chase Bank, N.A.,** 1111 Polaris Parkway, Floor 4J, Columbus, OH, 43240, is a lending institution that provided financing to defendant Joseph Battaglia, and recorded a mortgage or other encumbrance for $234,092.00 on a part of Plaintiffs' land and premises at the property 4110 Susquehanna Avenue, Wildwood, New Jersey, dated 1/17/2012, and recorded 1/30/12 at Book M5239, Page 414 # 282.

17.   The defendant, **Jersey Shore Federal Credit Union**, 1434 New Road, Northfield, NJ 08225,.P. is a lending institution that provided financing to defendant Anthony J. Perno, III, and recorded a mortgage or other encumbrance for $110,000.00 on a part of Plaintiffs' land and premises at the property 4110 Susquehanna Avenue, Wildwood, New Jersey, dated 10/20/2005, and recorded 11/30/2005 at Book M4244, Page 796, # 683.

18.   The defendant, **Green Tree Servicing, LLC**, 1400 Landmark Towers, 345 St. Peter Street, St. Paul, MN, 55102 is a lending institution that provided financing to defendant Anthony J. Perno, III, and recorded a mortgage or other encumbrance for $226,100.00 on a part of Plaintiffs' land and premises at the property 4110 Susquehanna Avenue, Wildwood, New Jersey, dated 1/30/2014, and recorded 2/3/2014 at Book M5535, Page 866 # 294.

19.   The unidentified defendants herein, named as John Does 1-10, and ABC Corporations 1-10 are sued under their fictitious names for the reason that their true

names and identities are presently unknown to Plaintiffs, except that they are believed to be connected in some manner with the named Defendants and/or the transactions and /or transfers of the aforementioned real estate and/or the fraudulent transfer of the real property in issue, more particularly described herein and in Exhibit "A" attached hereto, as attorneys, agents, servants, employees, employers, representatives, co-venturers, associates, managers, assignors, assignees, mortgagors, mortgagees, co-borrowers, and/or co-conspirators, facilitators of fraud and forgery, and/or persons and firms in relationships with the named defendants, of a presently unknown nature, and/or were in some manner presently unknown to plaintiffs, involved in the activity and/or the transactions and/or the transfers alleged herein and/or were in some manner responsible for the injury and damages sustained by the plaintiffs on account of the fraudulent transfers and other transfers of said real estate and/or maintained and/or controlled and/or owned and/or supervised, and/or directed and/or benefited from certain activities which were a proximate cause of, and a substantial factor in causing, damages sustained by plaintiffs as described herein and/or engaged in some activity of an unknown nature which conduct was a proximate cause of, and substantial factor in causing, the damages referred to herein.

20.    As a result of the negligence of defendants Keith M. McWhirk, Esquire, Charles D. Mandracchia, Esquire, defendant Robert David Cowen, Esquire, also known as R. David Cowen, Esquire, MANDRACCHIA LAW, LLC; MANDRACCHIA & MODESTI, LLC; and MANDRACCHIA & McWHIRK, LLC, the plaintiffs were injured and damaged as set forth hereinafter. As a result of their actions, individually and/or by, through and on behalf of the aforesaid law firms, defendants Mandracchia Law, LLC; Mandracchia & Modesti, LLC; and Mandracchia & McWhirk, LLC, said law firms and attorneys are liable for the actions, inactions and other negligence of said defendant attorneys by reason of *respondeat superior* and are vicariously liable for their actions.

21.    As a result of the negligence and intentional and fraudulent conduct of the defendant, Scott D. Peter, Peter Sherman Homes, attorney, defendant, Robert David Cowen, Esquire, also known as R. David Cowen, Esquire, and the defendant, Jennifer M. Mader, Notary Public, and/or the fictitiously named defendants who impersonated Helen S. Dorsey and Clarence W. Dorsey, the defendant, Shore Title Agency, Inc., is liable for their actions, inactions and other negligence by reason of the principles of *respondeat superior* and vicarious liability, and by its direct negligence and other tortious conduct, in facilitating said fraud and otherwise. Said defendants actively, personally, and directly were negligent with respect to the facilitation of the fraud engaged in by defendant, Scott D. Peter, individually and t/a Peter Sherman Homes, and others, and/or the fictitiously named defendants, in the execution, filing and recordation of the fraudulent forged deed dated March 31, 2003 purportedly signed by deceased individuals, Clarence W. Dorsey and Helen S. Dorsey. The said defendants knew, or should have known, that Clarence W.

4

Dorsey and Helen S. Dorsey were deceased, that the person purporting to be Scott D. Peter was not as claimed, that the two individuals who signed the aforesaid deed of March 31, 2003, were not actually Clarence W. Dorsey and Helen S. Dorsey, that they had no authorization to represent themselves as such, that they were committing fraud in doing so, and that the lawful owners of said property did not authorize said transfer or sale, and would be damaged and injured by doing so.

22.     The real estate located at 4110 Susquehanna Avenue, Wildwood, New Jersey 08260, along with the adjoining lots (hereinafter collectively referred to as "4110 Susquehanna" or the "property" or the "real estate") was never lawfully transferred out of Helen S. Dorsey's name and title during the administration of her estate or at any time after her death.

23.     4110 Susquehanna was identified as 4112 Susquehanna, an adjoining lot on the Estate Inventory filed with the Philadelphia Register of Wills on August 12, 1987.

24.     Carole Bell Gonsalves, as Executrix, believed that 4110 Susquehanna had been moved into trust for or otherwise transferred to plaintiffs, Bryan Bell, Derek Bell and George Bell, under the terms and provisions of the April 29, 1982 will.

25.     At all times mentioned herein, Plaintiffs' predecessor in interest, Clarence W. Dorsey and Helen S. Dorsey, his wife, was the owner in fee simple and entitled to possession of certain real property located at 4110 Susquehanna (being Block 122, Lots 13.02, 14.01 and 15.01 on the Municipal Tax Map of Wildwood, County of Cape May, State of New Jersey), by deed dated December 11, 1954 and recorded on December 28, 1954 in Cape May County in Deed Book 847 page 152, (hereinafter sometimes referred to as the "Property").

26.     On March 31, 2003 a deed was executed and delivered and purported to transfer 4110 Susquehanna (being Block 122, Lots 13.02, 14.01 and 15.01 on the Municipal Tax Map of Wildwood from "Clarence W. Dorsey and Helen S. Dorsey, his wife" to defendant Scott D. Peter. A true and correct copy of the March 31, 2003 deed is attached hereto as Exhibit "B" and is incorporated herein by reference as though set forth at length.

27.     Although Clarence W. Dorsey died on February 24, 1958 and Helen Dorsey died on February 19, 1987, defendant, Jennifer M. Mader, the office manager of Shore Title Agency, Inc. and a Notary Public, executed a certification that both Clarence W. Dorsey personally came before her and executed the March 31, 2003 deed. (Exhibit B).

28.     The address of grantor listed on the deed for Clarence W. Dorsey, who died on February 24, 1958, and Helen Dorsey, who died on February 19, 1987, is P.O. Box 208, Upper Darby, Pennsylvania 19082, which is the same mailing address as Defendant, Robert David Cowen, also known as R. David Cowen. It is believed and therefore averred, that the said Defendant Robert David Cowen, also known as R. David

5

Cowen, Esquire is either the same individual as defendant Scott D. Peter or conspired with said defendant and/or with defendant Jennifer M. Mader and/or a fictitiously named defendant to fraudulently transfer the said real estate by the fraudulent forged deed described hereinabove.

29.     Defendant Robert David Cowen, Esquire, was disbarred on consent by the Disciplinary Board of the Supreme Court of Pennsylvania on February 2, 1997.

30.     It is believed and therefore averred that defendant, Scott Peter and/or Defendant Robert David Cowen, and/or defendant Jennifer Mader, and/or a fictitiously named defendant tore down the original home at 4110 Susquehanna and built a two unit, two-story condominium which is recorded in the Master Deed for Defendant, Bayview Condominium, filed June 8, 2004 with the Clerk of Cape May County by defendant, Scott D. Peter, trading as Peter-Sherman Homes.

31.     Unit 1 of the Bayview Condominium was sold for $270,000.00 and transferred to defendant, Anthony J. Perno, III, on June 30, 2004 by deed of same date, by defendant, Scott D. Peter and/or defendant, Robert David Cowen, Esquire, also known as R. David Cowen, Esquire, and/or defendant, Jennifer M. Mader, and/or a fictitiously named defendant and recorded at Book D3098, Page 337.

32.     Unit 2 of the Bayview Condominium was sold for $285,000.00 and transferred to defendant, Joseph Battaglia, on May 6, 2004 by deed of same date, by defendant, Scott D. Peter t/a Peter Sherman Homes, and/or defendant, Robert David Cowen, Esquire, also known as R. David Cowen, Esquire, and/or defendant, Jennifer Mader, and/or a fictitiously named defendant and recorded at Book D3085, Page 43.

33.     The Estate of Helen S. Dorsey and her beneficiaries, plaintiffs, Bryan Bell, Derek Bell and George Bell, lost the benefit of the use and enjoyment of 4110 Susquehanna which was wrongfully and fraudulently transferred to defendant, Scott D. Peter and thereafter to defendants Joseph Battaglia and Anthony J. Perno, III.

34.     Neither the Estate of Helen S. Dorsey nor her beneficiaries participated in any of the negotiations or transactions regarding the sale of 4110 Susquehanna to defendant, Scott D. Peter or to defendants Joseph Battaglia and/or Anthony J. Perno, III.

35.     Neither the Estate of Helen S. Dorsey nor her beneficiaries received any proceeds from the above described sales of 4110 Susquehanna, or any part thereof.

36.     The Estate of Helen S. Dorsey and/or the other plaintiffs herein are the rightful owner of 4110 Susquehanna.

## COUNT ONE - Damages

37.     Plaintiffs repeat and incorporate herein all of the foregoing allegations as if set forth herein at length.

38.     Bryan Bell, Derek Bell and George Bell are the beneficiaries and residuary beneficiaries of the Estate of Helen S. Dorsey and have an equitable and legal ownership in 4110 Susquehanna.

39.     As a result of the negligence of defendants Keith M. McWhirk, Esquire, Charles D. Mandracchia, Esquire, defendant Robert David Cowen, Esquire, also known as R. David Cowen, Esquire, and/or other attorneys associated with them the plaintiffs were injured and damaged as set forth herein.  As a result of their actions, individually and/or by, through and on behalf of the aforesaid law firms, defendants Mandracchia Law, LLC; Mandracchia & Modesti, LLC; and Mandracchia & McWhirk, LLC, said law firms and attorneys are liable for the actions, inactions and other negligence of said attorneys by reason of *respondeat superior* and are vicariously liable for their actions.

40.     As a result of the negligence and conduct of the defendant, Scott D. Peter, Peter Sherman Homes, attorney, defendant, Robert David Cowen, Esquire, also known as R. David Cowen, Esquire, and the defendant, Jennifer M. Mader, Notary Public, and/or a fictitiously named defendant, the defendant, Shore Title Agency, Inc., is liable for their actions, inactions and other negligence by reason of the principles or *respondeat superior* and vicarious liability.  Said defendants actively, personally, and directly were negligent with respect to the facilitation of the fraud engaged in by defendant, Scott D. Peter, individually and t/a Peter Sherman Homes, and others, in the execution, filing and recordation of the fraudulent forged deed dated March 31, 2003 purportedly signed by deceased individuals, Clarence W. Dorsey and Helen S. Dorsey. The said defendants knew, or should have known, that Clarence Dorsey and Helen S. Dorsey were deceased, that the person purporting to be Scott D. Peter was not as claimed, that the two individuals who signed the aforesaid deed of March 31, 2003, were not actually Clarence W. Dorsey and Helen S. Dorsey, that they had no authorization to represent themselves as such, that they were committing fraud in doing so, and that the lawful owners of said property did not authorize said transfer or sale, and would be damaged and injured by doing so.

41.     Plaintiffs have been damaged and deprived of the use and enjoyment of the property transferred by or through Defendants as described herein.

42.     Plaintiffs have made demand upon each Defendant for payment for damages prior to the institution of this action.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally enjoining and ordering each defendant (1) from the said continued use and occupancy of said Plaintiffs' Property; (2) to restore Plaintiffs' title to the property;  (3) restoring Plaintiffs to the possession of said Property used and occupied by Defendants free and clear of any and all encumbrances thereon; all at the sole cost to the Defendants; (4) In addition and/or alternatively, awarding damages to plaintiffs, together with lawful

interest, costs of suit, attorneys' fees and such other further relief deemed just and equitable by this Court.

### COUNT TWO - Damages for Trespass

43.      Plaintiff repeats the allegations contained in the First Count as if they were again set forth herein at length.

44.      Defendants wrongfully occupied a portion of Plaintiff's Property to the benefit of each Defendant without the consent of the Plaintiff.

45.      On information and belief, each defendant has received and will continue to receive the fruits of the occupancy of that portion of Plaintiff's Property as more fully described hereinabove.

46.      Defendants' conduct alleged above was unjust, improper and violative of Plaintiffs' rights.

47.      Each Defendant has been unjustly enriched by its conduct and/or by his receipt and continued receipt of benefits.

**WHEREFORE**, Plaintiffs demand judgment against the defendants, jointly and severally by reason of the foregoing conduct in an amount to be determined at trial, together with lawful interest, costs of suit, attorneys' fees and such other further relief deemed just and equitable by this Court.

### COUNT THREE - Unjust Enrichment

48.      Plaintiffs repeat the allegations contained in the First and Second Counts as if they were again set forth herein at length.

49.      Defendants JOSEPH BATTAGLIA; ANTHONY J. PERNO, III; BAYVIEW CONDOMINIUM ASSOCIATION, INC.; BAYVIEW CONDOMINIUM; JOHN DOES 1 to 10, and ABC CORPORATIONS 1 to 10 knowingly occupied Plaintiffs' Property with the understanding that the owner of said Property, Plaintiffs, was to be compensated for the use of their land.

50.      Plaintiffs have a reasonable expectation that any individual or entity that uses their Property for profit or personal benefit is to compensate Plaintiffs for said use.

51.      Plaintiffs furnished a valuable benefit to Defendants JOSEPH BATTAGLIA; ANTHONY J. PERNO, III; BAYVIEW CONDOMINIUM ASSOCIATION, INC.; BAYVIEW CONDOMINIUM; JOHN DOES 1 to 10, and ABC CORPORATIONS by having said Defendants occupy and enjoy the property to their exclusive use and enjoyment.

52.      Said Defendants would be unfairly benefited by the use of Plaintiffs' Property if no compensation were paid to Plaintiffs.

**WHEREFORE**, Plaintiffs demands judgment against the defendants, jointly and severally, in the amount to be determined at the time of trial, together with lawful

8

interest, costs of suit, attorneys' fees and such other further relief deemed just and equitable by this Court.

## COUNT FOUR - Damages

53.    All the foregoing allegations of this Complaint are incorporated herein by reference as if set forth at length.

54.    As a result of these actions and activities of the defendants, plaintiffs have suffered injuries and damages.  Further, the misconduct of the defendants is so willful, wanton and egregious that it warrants punitive damages.

**WHEREFORE,** Plaintiffs demands judgment against the defendants, jointly, severally and/or in the alternative, for compensatory and punitive damages; together with lawful interest, costs of suit, attorneys' fees and such other further relief deemed just and equitable by this Court.

## COUNT FIVE – For Cancellation of Deeds and Mortgages, and to Quiet Title

55.    All the foregoing allegations of this Complaint are incorporated herein by reference as if set forth at length.

56.    Plaintiffs are now, and at all times since the death of Helen S. Dorsey on February 19, 1987 have been, the beneficial and legal owners and entitled to the possession of that certain parcel of land located in Cape May County, State of New Jersey and more fully described as follows:

Certain real property located at 4110 Susquehanna (being Block 122, Lots 13.02, 14.01 and 15.01 on the Municipal Tax Map of Wildwood, County of Cape May, State of New Jersey, being the same land and premises which David Irvine and Mary Irvine, his wife, by deed dated December 11, 1954 and recorded on December 28, 1954 in Cape May County in Deed Book 847 page 152, (hereinafter sometimes referred to as the "Property"), granted and conveyed unto Clarence W. Dorsey and Helen S. Dorsey, his wife, in fee. **[See Exhibit "A" attached hereto and incorporated herein by reference]**.

57.    Defendants, JOSEPH BATTAGLIA; ANTHONY J. PERNO, III; BAYVIEW CONDOMINIUM ASSOCIATION, INC.; BAYVIEW CONDOMINIUM; J.P. MORGAN CHASE BANK, N.A.; JERSEY SHORE FEDERAL CREDIT UNION; GREEN TREE SERVICING, LLC a/k/a DITECH FINANCIAL, LLC ; JOHN DOES 1 to 10, and ABC CORPORATIONS claim an estate or interest in the land and premises adverse to the plaintiffs.  The claim of defendants is without any right whatsoever and defendants have no estate, right, title, or interest in the land or premises, or any part of the land.

58.    The claims of defendants is false and based on a certain false and forged deed, purported to have been made and executed by plaintiffs' predecessors, Clarence W. Dorsey and Helen S. Dorsey, on March 31, 2003, to defendant, Scott D. Peters.  The alleged deed which purports to convey the land to said defendant, Scott D. Peters, was

recorded in the office of the Cape May Registered Deeds, in the County of Cape May, New Jersey, on April 3, 2003, in Book D3011 of Deeds, Page 269. A copy of the alleged deed is attached, marked as Exhibit "B", and incorporated herein by reference.

59.    Thereafter, the defendant Scott D. Peters, purportedly sold and transferred a portion of the property, designated as Unit 2, to defendant, Joseph Battaglia, by deed dated May 6, 2004. A copy of the alleged deed is attached, marked as Exhibit "D", and incorporated herein by reference.

60.    Thereafter, the defendant Scott D. Peters, purportedly sold and transferred a portion of the property, designated as Unit 1, to defendant, Anthony J. Perno, III, by deed dated June 30, 2004. A copy of the alleged deed is attached, marked as Exhibit "C", and incorporated herein by reference.

61.    The Dorseys did not, on March 31, 2003, or at any other time make, sign, acknowledge, or deliver the alleged deed (Exhibit 'B'), or any deed, conveying the land to defendant Scott Peters or to any person or persons, and did not authorize any person or persons to do so. Plaintiffs did not at any time receive any payment or consideration for such a deed for the land purported to be conveyed by that deed. The alleged deed is false, fraudulent, forged, and void.

62.    The claims made by defendants, Joseph Battaglia, Anthony J. Perno, III, J.P. MORGAN CHASE BANK, N.A., JERSEY SHORE FEDERAL CREDIT UNION; and GREEN TREE SERVICING, LLC, a/k/a DITECH FINANCIAL, LLC and JOHN DOES 1 to 10, and ABC CORPORATIONS 1 to 10, to the property clouds the title of Plaintiffs to the property and depreciates market value, and prevents Plaintiffs from enjoying it in the manner most to plaintiffs' interest as owner.

WHEREFORE, plaintiffs request a decree of this Court quieting title to the parcel of land and adjudging that:  Plaintiffs are the owner of the parcel of land, and every part of it; defendants have no estate, right, title, or interest whatsoever in or to the land or premises, or any part of it; and that the alleged deeds and mortgages be ordered delivered up and canceled by this Court, together with damages for lost fair use value, interest, costs, and counsel fees.

**COUNT SIX** - Legal Malpractice

63.    The Plaintiffs repeat and incorporate herein by reference all previous allegations herein as if set forth at length.

64.    Keith M. McWhirk, Esquire, and defendant, Charles D. Mandracchia, Esquire, were at all relevant times, agents, representatives, employees, officers, managers, members and/or owners of defendants, Mandracchia Law, LLC, Mandracchia & Modesti, LLC, and/or Mandracchia & McWhirk, LLC, for whose actions the defendant law firms, or one or more of them, are vicariously liable under principles of vicarious liability and *respondeat superior*. Said defendant attorneys and defendant law

10

firms were practicing law in New Jersey, out of an office in Skippack, Pennsylvania, respecting ownership rights of real estate in New Jersey and had an attorney-client relationship with the plaintiffs relating to their ownership interest in the property in Wildwood, New Jersey.

65.     The unidentified defendants named herein as John Does 1-10, and ABC Corporations 1-10, are sued under their fictitious names for the reason that their true names and identities are presently unknown to plaintiff except that they are believed to be connected in some manner with the named defendants and/or the incidents described herein as agents, employees, representatives, co-venturers, associates, partners, sub-contractors, independent contractors, managers, and/or supervisors of the named defendants, and/or were in some manner, presently unknown to plaintiff involved in the activities alleged herein and/or were in some manner, responsible for damages sustained by plaintiff and/or maintained and/or controlled and/or supervised and/or were otherwise legally responsible for the professional services of the named defendants or the activities referred to herein, in a negligent manner, which negligence was a proximate cause of the damages sustained by plaintiff as described herein, and a substantial factor in causing said damages, and/or conducted certain activities in a negligent and careless manner which negligent conduct was a proximate cause of, and a substantial factor in causing, the injuries and damages referred to herein.

66.     The aforesaid defendants and one or more of the unidentified defendants, at all times relevant hereto, were employees, partners, shareholders, agents, servants or other authorized representatives of the defendant law firms and/or their successors and assigns and/or one or more of the other unidentified defendants identified herein by fictitious names which is/are also responsible for all acts, conduct and omissions of the individual defendants, Keith McWhirk and Charles D. Mandracchia, Esquire under the doctrine of *respondeat superior*.

67.     Plaintiffs commenced an attorney-client relationship with said defendant attorneys and their law firms on or about March 13, 2008 for the purpose of recovering the property that had been fraudulently transferred by forged deed executed by imposters on March 31, 2003.

68.     The Defendant attorneys and their law firms undertook to represent the Plaintiffs in connection with the claim for damages against all responsible parties involved or responsible for losses resulting from the fraud and fraudulent transfer of the property.

69.     It is believed and therefore averred that applicable Statute of Limitations required that defendants file a formal lawsuit against one or more of the other named defendants herein no later than sometime in 2010.

70.     The Defendants continued to represent the plaintiffs until 2016 at which time they informed plaintiff, Bryan Bell, that it was too late to do anything. Accordingly,

defendant attorneys and their law firms failed to timely file a formal lawsuit on behalf of Plaintiffs against one or more of the other named non-attorney defendants.

71.     Based upon information and belief, plaintiffs allege that the defendant attorneys and their law firms were negligent in not timely filing a formal lawsuit by complaint some time in or about 2010 or other date.

72.     As a result of the Defendants' acts and omissions as aforesaid, Plaintiffs right to recover damages from one or more of the non-attorney defendants was extinguished, thereby foreclosing and barring recovery by Plaintiffs of some or any and all damages to which they were entitled.

73.     The loss of Plaintiff's cause of action for damages against one or more of the non-attorney defendants was caused by the Defendants' negligence and deviation from the accepted standards of professional care, and failed to exercise the ordinary skill and knowledge of attorneys which negligence included, but was not limited to, the following:

(a)     Failure to timely file and submit affirmative claims on behalf of plaintiffs within the time required by law.

(b)     Failure to conduct an adequate investigation and take all reasonable and necessary actions in a reasonably prompt and diligent manner prior to the expiration of the Statute of Limitations.

(c)     Otherwise failing to exercise due care under the circumstances.

74.     As a direct and proximate result of the negligence of the Defendants as aforesaid, Plaintiffs have been deprived of their cause of action and right of recovery for damages for the damages thereby sustained.

**WHEREFORE**, Plaintiffs hereby demands that judgment be entered in their favor and against the Defendants jointly and severally and/or in the alternative for compensatory damages, together with interest, attorney's fees, disgorgement of fees paid, costs of suit, and for such other and further relief the Court may deem just and equitable under the circumstances.

## <u>COUNT SEVEN</u> - Breach of Contract

75.     Plaintiffs repeat and incorporate herein each and every one of the foregoing allegations as if set forth herein.

76.     As attorneys licensed to practice in this state, and/or practicing in this state or practicing New Jersey law with or without a law license, defendants, Keith McWhirk, and Charles D. Mandracchia, Esquire, represent that they have the degree of knowledge and skill ordinarily possessed and used by other attorneys engaged in the general practice of law, and held themselves out as possessing such knowledge and skill.

77.     There existed an attorney-client relationship between all of the attorney defendants and other attorneys mentioned herein and plaintiffs. As a result of that relationship, defendants owed a duty of care to plaintiffs.

78.     The aforesaid acts and omissions of the defendants constitute a breach of contract with Plaintiffs, including common law breach of retainer agreement, and as a direct result thereof plaintiffs were injured and damaged as aforesaid.

79.     Said defendants undertook to render services which they knew or should have known were necessary for the protection of plaintiffs interests in assuring that a complaint was timely filed against the responsible necessary parties.

80.     Said defendants failed to exercise reasonable care, skill and diligence in such undertaking, and knew or should have known that plaintiffs were relying upon their advice in regard to same.

81.     Plaintiffs relied upon the Defendants' and their associates' aforesaid undertakings, actions, omissions and representations, to their detriment, and said Defendants knew Plaintiffs would and did rely upon said undertakings, actions and representations, as a result of which Plaintiffs were injured and damaged as aforesaid.

**WHEREFORE**, Plaintiffs hereby demands that judgment be entered in their favor and against the Defendants jointly and severally and/or in the alternative for compensatory damages, together with interest, attorney's fees, disgorgement of fees paid, costs of suit, and for such other and further relief the Court may deem just and equitable under the circumstances.

## COUNT EIGHT - Breach of Fiduciary Duty

82.     Plaintiffs repeat and incorporate each and every one of the foregoing allegations as if set forth herein at length.

83.     The aforesaid actions, omissions and representations of defendants constitute a breach of the defendants' fiduciary duties to plaintiff and they sustained damages as a direct and proximate result of said breaches.

**WHEREFORE**, Plaintiffs hereby demand that judgment be entered in their favor and against the Defendants jointly and severally and/or in the alternative for compensatory damages, punitive damages, together with interest, attorney's fees, disgorgement of fees paid, costs of suit, and for such other and further relief the Court may deem just and equitable under the circumstances.

## COUNT NINE - Negligent Misrepresentation

84.     Plaintiffs repeat and incorporate each and every one of the foregoing allegations as if set forth herein at length.

13

85.     The aforesaid actions, omissions and representations of defendants constitute negligent misrepresentation to plaintiffs and they sustained damages as a direct and proximate result of said breaches.

WHEREFORE, Plaintiffs hereby demand that judgment be entered in their favor and against the Defendants jointly and severally and/or in the alternative for compensatory damages, punitive damages, together with interest, attorney's fees, disgorgement of fees paid, costs of suit, and for such other and further relief the Court may deem just and equitable under the circumstances.

FACCENDA LAW FIRM, LLC
Attorney for Plaintiffs

By: _____
Philip L. Faccenda, Esq.

Date: 1-12-18

## JURY DEMAND

PLEASE TAKE NOTICE that demand is hereby made for a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-5, PHILIP L. FACCENDA, ESQUIRE, is hereby designated as trial attorney in this matter.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R.4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If so, attach a copy of each and state under oath or certification (a) policy number; (b) name and address of insurer or issuer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) policy limits.

## NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

TAKE NOTICE that the undersigned attorney hereby demands that each party herein serving pleadings and interrogatories and receiving answer thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and TAKE NOTICE that this is a continuing demand.

## CERTIFICATION

Pursuant to R.4:5-1, I certify that to the best of my knowledge no action is pending or is contemplated in any Court or Arbitration Proceeding with respect to the within pleading, and there are no other persons or entities who should be made a party hereto.

## CERTIFICATION PURSUANT TO R. 1:38.7

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

FACCENDA LAW FIRM, LLC
Attorney for Plaintiffs

By: _____

Date: 1-17-18

Philip L. Faccenda, Esq.

## VERIFICATION

I, BRYAN BELL, hereby verify that I am an individual plaintiff in this action and the Administrator for the estate of Helen S. Dorsey and I am authorized to make this verification on behalf of all plaintiffs. I hereby verify that the facts set forth in the foregoing First Amended Verified Complaint are true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date  *1-17-18*

_____
BRYAN BELL

16

ALL THOSE CERTAIN lots, parcels of land and premises situate, lying and being in the city of Wildwood, County of Cape May and State of New Jersey, bounded and described as follows, to wit:

BEGINNING at a point in the intersection of the Northeasterly side of Roberts Avenue with the Northwesterly side of Susquehanna Avenue; containing in front or breadth Northeastwardly along said side of Susquehanna along said side of Susquehanna Avenue 40 feet to a point and of that width extending between parallel lines in length or depth at right angles to said Susquehanna Avenue and binding on the said Northeasterly side of Roberts Avenue Northwestwardly 100 feet.

BEING part of Lots 13, 14 and 15, Block 107 as shown on the Official Map of Wildwood, duly filed.

PURSUANT to Public Laws of 1977, Chapter 157 (N.J.S.A. 46:15-1.1, section 6c), the above premises are also known as Lot(s)13.02, 14.01, 15.01, in Block 122, on the Official Tax Map of the City of Wildwood, County of Cape May, State of New Jersey.

BEING the same premises which David Irvine and Mary Irvine, his wife by a deed dated December 11, 1954 and recorded on December 28, 1954 in Cape May County in Deed Book 847 page 152 granted and conveyed unto Clarence W Dorsey and Helen S. Dorsey, his wife, in fee.



**A**

W2140.jmm
STANDARD DEED FORM - BARGAIN AND SALE
Plain Language

## DEED

Prepared by: (Print signer's name below signature)



CORY J. GILMAN, ESQ.

This Deed is made on March 31, 2003.

BETWEEN Clarence W. Dorsey and Helen S. Dorsey, his wife,

whose address is P.O. Box 208, Upper Darby, Pennsylvania 19082, referred to as the Grantor,

AND Scott D. Peter,

whose post office address is 4611 Park Boulevard, Wildwood, New Jersey, 08260, referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

Transfer of Ownership. The Grantor grants and conveys (transfers ownership of) the property described below to Grantee. This transfer is made for Seventy six thousand four hundred twenty-two and 93/100, ($76,422.93). The Grantor acknowledges receipt of said consideration.

Tax Map Reference. (N.J.S.A. 46:15-2.1) Municipality of Wildwood
Block No. 122  Lot No. 13.02, 14.01, 15.01   Qualifier No. N/A

☐  No property tax identification number is available on the date of this deed.  (check box if applicable)

Property. The property consists of the land and all the buildings and structures on the land in the City of Wildwood, County of Cape May and State of New Jersey. The legal description is:

ALL THOSE CERTAIN lots, parcels of land and premises situate, lying and being in the city of Wildwood, County of Cape May and State of New Jersey, bounded and described as follows, to wit:

BEGINNING at a point in the intersection of the Northeasterly side of Roberts Avenue with the Northwesterly side of Susquehanna Avenue; containing in front or breadth Northeastwardly along said side of Susquehanna along said side of Susquehanna Avenue 40 feet to a point and of that width extending between parallel lines in length or depth at right angles to said Susquehanna Avenue and binding on the said Northeasterly side of Roberts Avenue Northwestwardly 100 feet.

BEING part of Lots 13, 14 and 15, Block 107 as shown on the Official Map of Wildwood, duly filed.

PURSUANT to Public Laws of 1977, Chapter 157 (N.J.S.A. 46:15-1.1, section 6c), the above premises are also known as Lot(s)13.02, 14.01, 15.01, in Block 122, on the Official Tax Map of the City of Wildwood, County of Cape May, State of New Jersey.

BEING the same premises which David Irvine and Mary Irvine, his wife by a deed dated December 11, 1954 and recorded on December 28, 1954 in Cape May County in Deed Book 847 page 152 granted and conveyed unto Clarence W Dorsey and Helen S. Dorsey, his wife, in fee.

UNDER AND SUBJECT TO any and all covenants, conditions, rights, reservations, restrictions and easements of record, if any.

Bk D3011 P9268  $127
COUNTY OF CAPE MAY
Consideration 76,422.93
Realty Transfer Fee 267.75
Date 04-03-2003 By CLERKDMB

B

Bk D3011 Pg269 *127
RECORDED COUNTY OF CAPE MAY
ANGELA F. PULVINO, COUNTY CLERK
Recording Fee 35.00
Date 04-03-2003 0 08:33a

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A.46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page.

Witnessed by:

_____          *Clarence W. Dorsey*
                                          Clarence W. Dorsey

_____          *Helen S. Dorsey*
                                          Helen S. Dorsey

State of New Jersey, County of Cape May) S.S.

I CERTIFY that on March 31, 2003, Clarence W. Dorsey and Helen S. Dorsey, his wife, personally came before me and stated to my satisfaction that this person (or if more that one, each person):
  (a)   was the maker of this Deed;
  (b)   executed this Deed as his or her own act; and
  (c)   made this Deed for $76,422.93 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5).

                                          *Jennifer M. Nader*
                                          JENNIFER M. NADER
                                          NOTARY PUBLIC OF NEW JERSEY
                                          MY COMMISSION EXPIRES NOVEMBER 3, 2004

Record and Return To:

**SHORE TITLE AGENCY, INC.**
5901 New Jersey Avenue
Wildwood Crest, New Jersey 08260

( Record #1)

**Deed** Bk 03098 P9337 $316
COUNTY OF CAPE MAY
Consideration 270,000.00
Realty Transfer Fee 1,481.00
Date 07-31-2004 By CLERKPBM

CHARGE & RETURN
Congress Title Corp
PO Box 6178
Society Pavilion East
CHERRY HILL NJ 08034

750-4547/s

This Deed is made on **6·30·04**
BETWEEN          SCOTT D. PETER

whose post office address is
4615 PARK BLVD
WILDWOOD NJ 08260

referred to as the Grantor,
AND              ANTHONY J. PERNO, III

whose post office address is   125 LINDEN ST
CAMDEN NJ 6105L

referred to as the Grantee.
The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**1. Transfer of Ownership.**   The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of   Two Hundred Seventy Thousand and 00/100 Dollars ($270,000.00).
The Grantor acknowledges receipt of this money.

**2. Tax Map Reference.**   (N.J.S.A. 46:15-1.1) Municipality of       Wildwood
Block No.      122      Lot No. p/o 13.02,14.01, 15.01          )Account No.
☐ No lot and block or account number is available on the date of this Deed. (Check Box if Applicable.)

**3. Property.**   The Property consists of the land and all the buildings and structures on the land in
the          City          of          Wildwood
County of       Cape May       and State of New Jersey. The legal description is:

☒ Please see attached Legal Description annexed hereto and made a part hereof. (Check Box if Applicable.)


See Schedule "C" attached hereto and made a part hereof.

BEING the same land and premises which became vested in

Scott D. Peter by Deed from Clarence W. Dorsey and Helen S. Dorsey, his wife,
Dated 3/31/03, Recorded 4/3/03, in Deed Book 3011, Page 268.


| Prepared by: *(print signer's name below signature)* | (For Recorder's Use Only) |
|---|---|
| *Joel E. Berman*<br>JOEL E. BERMAN, ESQUIRE | |

103 - Deed - Bargain and Sale
Cov. to Grantor's Act.- Ind. to Ind. or Corp.
Plain Language Rev. 7/01   P2/04



©2001 by ALL-STATE LEGAL.®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510          Page 1

```
Bk D3098 Pg339 $316
RECORDED COUNTY OF CAPE MAY
ANGELA F. PULVINO, COUNTY CLERK
Recording Fee 60.00
Date 07-31-2004 @ 11:41a
```

The street address of the Property is:     4110 Susquehanna, Unit 1, Wildwood, New Jersey.

**4. Promises by Grantor.**     The Grantor promises that the Grantor has done no act to encumber the Property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**5. Signatures.**     The Grantor signs this Deed as of the date at the top of the first page. (Print name below each signature.)

Witnessed by:

_Patricia Runyan_ _____     _____ (Seal)
                                        SCOTT D. PETER

                                        _____ (Seal)
_____       _____

STATE OF NEW JERSEY, COUNTY OF _Cape May_          SS:

I CERTIFY that on   _6-30-04_
                    SCOTT D. PETER

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of this Deed; and,
(b) executed this Deed as his or her own act; and
(c) made this Deed for $ 270,000.00                    as the full and actual consideration paid or to be paid for the
transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

RECORD AND RETURN TO:                    _Patricia Runyan_ _____

```
CHARGE & RETURN
Congress Title Corp.
P.O. Box 5419
Barclay Pavilion East
Cherry Hill, NJ 08034
```
                                         *Print name and title below signature*

                                         PATRICIA  RUNYAN
                                         Notary Public Of New Jersey
                                         Commission Expires: Dec. 28, 2005

103 - Deed - Bargain and Sale                          ©2001 by ALL-STATE LEGAL®
Cov. to Grantor's Act - Ind. to Ind. or Corp.          A Division of ALL-STATE International, Inc.
Plain Language Rev. 7/01  P2/04                         www.aslegal.com  800.222.0510     Page 2

Bk D3098 Pg338 #316



# Fidelity National Title
INSURANCE COMPANY
AMENDED
## SCHEDULE C
(Legal Description)

Commitment No.: 04-75045447

**All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Wildwood, County of Cape May, State of New Jersey:**

AND other appurtenances thereto, in fee simple, subject to the provisions of the New Jersey Condominium Act (R.S. 46:8B-1 et seq.) as amended and to the provisions of that certain Master Deed of Bayview Condominium a Condominium dated 4/28/04 and recorded in the Office of the Clerk of Cape May County on 6/8/04 in Deed Book 3085 at page 17, which real property is more particularly described as Unit No 1 of said Condominium, together with other appurtenances to said Unit, which Unit and appurtenances have been more specifically defined in the Master Deed, which is comprised of premises known as Block 122, Lots 13.02, 14.01 and 15.01 on the Tax Map of City of Wildwood, New Jersey, and including an undivided 50% fee interest in the general common elements of said Condominium appurtenant to said Unit, which Unit and appurtenant general common elements have been more specifically defined in the Master Deed and depicted on certain exhibits thereto.

BEING premises No. 4110 Susquehanna Avenue - No. 1.

BEING part of Tax Lots 13.02, 14.01 and 15.01 Block 122.

Bk D3085 Pg43 $680
COUNTY OF CAPE MAY
Consideration 285,000.00
Realty Transfer Fee 1,598.00
Date 06-08-2004 By CLERKOF

Prepared by:

JEFFREY P. BARNES, ESQUIRE

# DEED

This Deed is made on __MAY 6__, 2004

**BETWEEN** Scott D. Peter, trading as Peter Sherman Homes

whose address is 4615 Park Boulevard, Wildwood, New Jersey 08260

hereinafter the "Grantor",

**AND** Joseph Battaglia,

whose address is 3200 Pacific Avenue, Wildwood, New Jersey 08260

hereinafter the "Grantee".

The words "Grantor" and "Grantee" shall mean all Grantors and Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys to Grantee the Property described in this Deed. This transfer is made for the sum of **TWO HUNDRED EIGHTY-FIVE THOUSAND ($285,000.00) DOLLARS.** The Grantor acknowledges receipt of this money.

**Tax Map Reference.** Pursuant to Public Laws of 1977, Chapter 157 (N.J.S.A. 46:15-2.1) the premises are known as Unit 2 of Lot(s) 13.02, 14.01 and 15.01 in Block 122, on the Official Tax Map of the City of Wildwood, County of Cape May, State of New Jersey.

**Property.** All that certain Lot, tract or parcel of land and premises situate, lying and being in the City of Wildwood, County of Cape May and State of New Jersey, bounded and described as follows:

ALL the following described parcel lying and being in the City of Wildwood, County of Cape May, State of New Jersey, including the appurtenances thereto in fee simple, subject to the provisions of the New Jersey Condominium Act (R.S. 46:8B-1 et seq.) its amendments and supplements to the provisions of that Master Deed of "Bayview Condominium," a condominium, dated __MAY 6__, 2004, and recorded simultaneously herewith, in the County Clerk's Office in Deed Book _____ page _____; and more particularly described as Unit 2 in said condominium, and an undivided 50% interest in the common elements of said condominium, which Unit and Common Elements have been more specifically defined in the Master Deed aforesaid, as same may be lawfully amended from time to time in conformity with R.S. 46:8B-10.

BEING the same premises which Clarence W. Dorsey and Helen S. Dorsey, his wife, by a deed dated March 31, 2003 and recorded on April 3, 2003 in Cape May County in Deed Book 3011 page 268 granted and conveyed unto Scott D. Peter, in fee.

UNDER AND SUBJECT TO all valid covenants, conditions, restrictions, reservations and easements of record.

**Promises by Grantor.** The Grantor covenants that it has done no act to encumber the Property, pursuant to N.J.S.A. 46:4-6, entitled Covenant as to Grantor's Acts. This means that the Grantor has not allowed anyone else to obtain any legal rights that affect the Property (e.g. by allowing a mortgage or a judgment to be recorded against the Property).

**Property Address:** 4110 Susquehanna Avenue – Unit "2"
Wildwood, New Jersey 08260

1

Bk D3085 Pg44 $680

**Signatures.** The Grantor signs this Deed as of the date at the top the first page.

Witnessed by:

_____                    _____
                                            SCOTT D. PETER
                                            TRADING AS PETER SHEEMAN HOMES

STATE OF NEW JERSEY:
                                    SS:
COUNTY OF CAPE MAY:

    I CERTIFY that on ~~April~~ May 6, 2004, Scott D. Peter, personally came before me and stated
to my satisfaction, that this person:

    a)    was the maker of the attached deed;

    b)    executed this deed as his or her own act; and,

    c)    made this Deed for $285,000.00 as the full and actual consideration paid or to be
        paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

_____
(Print name and title below signature)
PHYLLIS M. ROBINSON
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES APRIL 16, 2006

2

Bk D3085 Pg45 $680
RECORDED COUNTY OF CAPE MAY
ANGELA F. PULVINO, COUNTY CLERK
Recording Fee 60.00
Date 06-08-2004 @ 03:59p

| DEED | Dated: |
|---|---|
| Scott D. Peter, | |
| Grantor, | Record and Return to: |
| TO | Jeffrey P. Barnes, Esquire |
| | Stefankiewicz and Barnes, L.L.C. |
| Joseph Battaglia, | 107 East Wildwood Avenue |
| Grantee, | Wildwood, New Jersey 08260 |

3

## DEMAND FOR DISCOVERY

Pursuant to R. 4:10 of the New Jersey Court Rules, Plaintiff hereby demands that answering defendant respond to the Notice of Deposition, Request for Production of Documents and Interrogatories that follow.

FACCENDA LAW FIRM, LLC<br/>
Attorney for Plaintiffs

Dated: _1-7-18_

By: _____

Philip L. Faccenda, Esquire

## NOTICE OF DEPOSITION
## OF ANSWERING DEFENDANT

Pursuant to R. 4:14 of the New Jersey Court Rules, Plaintiff(s) hereby demand that the answering party (or, if answering party is a non-individual entity, answering party's designated representative most knowledgeable of the circumstances described in the pleadings) appear at the Faccenda Law Firm, LLC Offices at 601 Longwood Avenue, Suite 100, Cherry Hill, New Jersey, 08002-2871 at 10:00 a.m. on the 35th day following service of this Summons and Complaint, at which time said deponent(s) shall give testimony by Deposition upon oral examination before a person authorized by the laws of the State of New Jersey to administer oaths, and shall produce originals (or true copies if originals unavailable) of all documents and things requested in the attached Request for Production of Documents, and shall provide full and complete answers to all Interrogatories propounded herein. Answering party is required to contact the Faccenda Law Firm, LLC at (856) 7730303I prior to the date of deposition to confirm appearance. Failure to appear for Deposition in accordance with this Demand will subject answering party to penalties and sanctions as allowed by the New Jersey Court Rules. Failure to produce all requested documents and things, or failure to give complete answers to Interrogatories, at or before the Deposition will result in the Deposition being taken again after such responses are provided.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to R. 4:18 of the New Jersey Court Rules, Plaintiff(s) hereby request and demand that answering party produce at the Law Offices of Mark J. Molz, 1400 Route 38 East, Box 577, Hainesport, NJ 08036 the following documents and things in the time and manner provided by New Jersey Court Rules and the Discovery Instructions and Definitions set forth below.

1.       True copies of the entire underlying file (While preserving the file and all folders) all documents, materials, reports, photographs, drawings, videotapes, audio tapes, graphs, charts, statements, things affecting credibility, reproductions, surveillance, recordings, publications, learned treatises, authorities, exhibits or any other writing, object or thing that answering party will rely upon, present, offer or utilize at the time of Trial during direct examination, cross-examination or any other part of the Trial.

2.       True copies of all statements, admissions or testimony, whether written, oral, tape recorded, transcribed, video taped, digitized, transcribed, or memorialized on any other medium, made by: (a) any party to this lawsuit; (b) any agent, representative, employee or assign of any party to this lawsuit; (c) any witness named in this lawsuit; or (d) any person with knowledge of facts pertaining to the subject matter of this lawsuit.

3.    True copies of the following materials from your expert witnesses, forensic examiners, investigators and independent medical examiners (each referred to herein as "said expert"):

   a.    All reports rendered in this case by said expert.

   b.    Updated curriculum vitae of said expert.

   c.    All documents, statements, physical evidence and other things relied upon by said expert in forming an opinion.

   d.    All documents, things, statements, correspondence (including letters from counsel or litigant), pleadings and other materials provided to said expert in this case whether or not same impacted on final opinion.

   e.    All learned treatises, reports, statutes, codes, ordinances, rules, regulations or other published documents or authorities relied upon in forming an opinion or to be used at Trial by said expert.

   f.    All blueprints, charts, diagrams, drawings, graphs, maps, plates, plans, photographs, models, video or audio recordings or other visual or audio reproductions of any object, place or thing relied upon in forming an opinion or to be used at Trial by said expert.

   g.    All correspondence, bills or other materials sent by said expert to any attorney, insurer or litigant in this case.

   h.    Said expert's entire file in this case. This request includes but is not limited to all prior or rough drafts of said expert's reports and all documents marked up or written on by said expert.

   i.    All reports, deposition transcripts and publications of said expert in other matters.

4.    True copies of all information, writings, documents, things, etc. obtained in response to all subpoenas or authorizations served in this case or obtained pursuant to N.J.S.A. 2A:82-41, et seq.

5.    True and complete copies of all insurance agreements or policies (plus all related papers, addenda, declaration pages and notices of cancellation) under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse payments made to satisfy the judgment. Your response must also include all secondary, tertiary, excess and umbrella policies.

6.    True copies of all discovery requests or responses received from or sent to any other party to this action, including but not limited to Interrogatories, Answers to Interrogatories, Requests for Production of Documents or Demand for Documents, Responses to Requests for Production of Documents or Demand for Documents, Requests for Admissions, Responses to Requests for Admissions and Notices of Deposition.

7.    True copies of all reports, notes, test results, memoranda, correspondence or other writings or things created, produced or uncovered in the course of any investigation, inspection, analysis or

examination of or related to any fact(s), incident(s) or transaction(s) in question, whether undertaken by answering party or by another entity, private or public.

8. True copies of the entire file of, concerning and/or in respect to this incident or any party and any property or premises referred to herein maintained by the answering party at any time, including but not limited to notes, diary entries or other writings.

9. True copies of all photographs, drawings, videotapes, audio tapes, graphs, charts or other reproductions, recordings or physical objects relating to this matter, including but not limited to photographs or recordings of the scene, property or injury in question.

10. True copies of all documents or things mentioning, concerning, relating to, describing or identifying: (a) Plaintiff(s), (b) any dealings of or with Plaintiff(s), (c) any alleged incident that is the subject of this lawsuit, or (d) any property, real or personal, tangible or intangible, which is the subject of this lawsuit.

11. True copies of all video recordings, sound recordings, digital recordings or surveillance, or other recordings on any medium, of plaintiff(s) taken at any time. This request includes but is not limited to all information or writings as defined by the New Jersey Rules of Evidence (including but not limited to photographs, moving pictures, audio recordings, digital recordings and video tapes) relating to the surveillance of Plaintiff(s). This request also includes true copies of all surveillance or other video, audio, digital or other recordings of Plaintiff(s) taken by any person or entity on behalf of any party to this lawsuit, on behalf of any insurance company or attorney, or on behalf of anyone else at any time.

12. True copies of all documents, pleadings, correspondence and other writings related to any other lawsuits, administrative proceedings, criminal proceedings, or other court proceedings in which defendant was a party.

13. True copies of everything in the file that answering party's insurance carrier or insurance adjuster maintains on this matter, other than documents consisting merely of communications between attorney and client or between attorney and co-counsel. As to the latter, you are required to produce a Privilege Log in accordance with the Rules of Court identifying the matter subject to said claimed privilege and all other required by said rules.

14. True copies of all personnel files, criminal records and driving abstracts of any individual parties named herein.

15. True copies of all summons, complaints, violations, citations, orders, judgments, or other court or police documents, transcripts or tapes generated, copied or produced in connection with or in relation to any incident or property or premises referred to herein that is the subject of this lawsuit.

16. True copies of all incident reports, accident reports, safety reports, safety evaluations, safety studies concerning answering defendant or the property in question.

17. True copies of all contracts, agreements or addenda thereto related to any fact or allegation at issue in this lawsuit.

18. Complete original billing records for this matter with all time entries.

19.    True copy of all documents describing the defendant attorneys' agreement with any plaintiff herein regarding representation.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17 of the New Jersey Court Rules, Plaintiff(s) hereby demand that answering party serve at the office of FACCENDA LAW FIRM, LLC, 601 Longwood Avenue, Suite 100, Cherry Hill, New Jersey 08002 certified answers to the following Interrogatories in the time and manner provided by New Jersey Court Rules and the Discovery Instructions and Definitions set forth below.

1.    (a) State the full name, social security number, age and date and place of birth of each person answering these Interrogatories.

2.    State your job title or classification, the name of your present employer, and your business address:  (a) at the time of the incident(s) referenced in the complaint and, (b) now.

3.    Please state how you first received notice of the events described in Plaintiff's Complaint. Please include in your answer:  (a) the source of such notice; (b) the name, address and telephone number of the person or persons from whom you received such notice; (c) the date, time and place you first received such notice and, (d) whether such notice was written or oral, and if written, the name and address of the person who now has custody of said notice.  Please supply a copy of each written notice to your answers to these Interrogatories.

4.    State whether you have filed state and federal tax returns for the last 5 years and attach hereto true copies.

5.    State the names, addresses and phone numbers of any and all fact witnesses and describe the areas of their knowledge and information concerning the transactions and events referenced in the complaint.

6.    If any statements were obtained by you or on your behalf from any person concerning the subject of this Complaint, please state, for each such statement; (a) the name, address, occupation and employer of the person; (b) the name and address of the person who obtained it; (c) the date it was obtained; (d) the exact nature thereof; (e) whether it was written or oral and if written, (f) the name and address of the person who has custody of it.  Please attach a copy of such written statements to your answers to these Interrogatories.

7.    If you have any knowledge of any conversations or admissions of any parties to this suit or any other person as to the manner of the happening of the occurrence(s) complained of or as to the injuries or damages claimed, set forth:  (a) the name and address of each party who made or gave same; (b) the exact substance thereof; (c) when they were made; (d) to whom they were made; (e) the names and address of the person(s) present when made; (f) whether any of said statements were written and if so, (g) the names and addresses of the person presently in possession of same.  Please attach hereto a copy of each such conversation or admission.

8.    If you have in your or your attorney's possession, or know of the existence of any photographs, videotapes, diagrams or accounts relating to any matter, whatsoever, concerning this incident, please state, for each such photograph or diagram or videotape:  (a) a description of what it depicts; (b) the name and address of the person who took or made it; (c) the date and time and place it was taken or

made; and, (d) the name and address of the person who has custody of it. Please attach a copy of each such photograph or diagram to your answers to these Interrogatories.

9.  A.  Enumerate and describe specifically all things which you contend that any Defendant and/or any other person or persons did which it should not have done which in any way contributed to the happening of the incidents referred to in the Complaint, and or damages therefrom. Set forth the percentage of negligence you allege against each such person.

B.  Enumerate and describe specifically all things which you contend that any Defendant and/or any other person or persons did not do which it should have done which in any way contributed to the happening of the incidents referred to in the Complaint, and or damages therefrom. Set forth the percentage of negligence you allege against each such person.

10.  For each expert consulted by you, please supply a complete statement of each expert's opinion and the basis therefore; the facts and data considered in forming the opinions; the qualification of the witness including a list of all publications authored by the witness within the preceding ten years and whether compensation has been paid or will be paid and if so, the terms of the compensation. R.4:17-4e. (See Skibinski v. Smith, 206 N.J.Super. 349, 354 (App.Div.1985).

11.  Set forth completely and in detail all claims and/or defenses that you have against Plaintiffs' claims in this lawsuit or that you will otherwise assert at Trial.

12.  Set forth completely and in detail all facts that support any of your claims or defenses in this lawsuit or that you will otherwise introduce at Trial.

13.  State the name, address and phone number of each person or witness having knowledge relating to this case or whom you will otherwise call at Trial. For each person listed: provide a summary of expected testimony and knowledge relating to this case.

14.  List each document, writing, recording, photograph, material, object, or thing relating to this case or that you will otherwise utilize as an Exhibit at Trial. For each item listed: attach a true and complete copy; if not in your possession or control, indicate the location and custodian.

15.  Explain in detail every reason why Plaintiff(s) are not entitled to recover from you all damages claimed in this lawsuit.

16.  Describe in detail your relationship and past history, if any, with each party and witness in this lawsuit.

17.  Describe in detail each investigation you, your agent or any other public or private entity conducted into any fact, person, item or circumstance at issue in this lawsuit. For each investigation: state name and address of entity conducting the investigation, description of the investigation and results of the

investigation. Attach true copies of all reports, notes and other writings or materials involved or created in the investigation.

18.   If you have information on the true identity of any fictitiously-named defendant( John Doe or ABC Corporation) indicated in Plaintiff's Complaint, or if you claim that another person or entity is partly or fully responsible for all or part of Plaintiff's damages, set forth the name and address of such person or entity along with a brief description of their possible involvement in this matter.

19.   Describe in detail all contracts and agreements (oral, written or implied) between you and any other party or witness in this action. Attach true copies of all written contracts.

20.   Describe in detail all other lawsuits or legal proceedings to which you are or have ever been a party.

21.   Describe in detail all instances in which you, your organization or any member of your organization was or is being investigated, cited, reprimanded or otherwise punished by a public agency or entity for any reason.

22.   Specify exact citation, title, author and publisher of all medical, scientific or legal texts or treatises or other authoritative publications that you may mention, cite, utilize or rely on at Trial as direct or indirect evidence, in direct or cross examination. Attach a true copy of relevant portions.

23.   State your name, addresses, social security number and date of birth. If answering on behalf of a company, partnership or corporation, state the full legal name of the entity and your position within the company.

24.   Describe in detail your version of the incident(s), event(s), transaction(s) or occurrence(s) referred to in the Complaint, Answer, Cross-claim, Counterclaim or other pleading in this lawsuit. Include specific dates, names and locations in your answer.

25.   Describe in as great detail as possible all statements and admissions you claim were made by Plaintiffs at any time relating to the subject matter of this lawsuit. Include in your answer the date, location and context of each statement or admission.

26.   If you contend that any of Plaintiffs' damages were caused or contributed to by the act or omission of any person or entity beside yourself, set forth all facts upon which you base that contention. Include names and addresses of all responsible persons or entities.

27.    For each of your proposed expert witnesses, set forth: (a) name and address; (b) qualifications, experience and training, attaching updated resume or curriculum vitae; (c) laws, rules, authorities and learned treatises expert is relying on; (d) subject matter and substance of expert's opinion and testimony at Trial, including grounds and assumptions for each opinion, and (e) COMPLETE RECITATION OF ANY AND ALL OPINIONS HELD OR OTHERWISE TO BE ASSERTED AT TRIAL BY ANY OF YOUR PURPORTED EXPERT WITNESSES, AND ENTIRE BASES, REASONS AND SUPPORT FOR ANY AND ALL OF THOSE OPINIONS. (See, e.g., <u>Skibinski v. Smith</u>, 206 N.J.Super. 349, 354 (App.Div.1985), and related lines of cases).

28.    Set forth specifically each law, code, rules, regulation, ordinance, case, court opinion, statute or other legal authority supporting any of your claims, defenses or positions in this lawsuit. Include exact citations, titles and sections.

29.    State whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse of payments made to satisfy the judgment.
        YES (  ) or NO (  ).
            If the answer is yes, attach a copy of each insurance agreement or policy along with declarations pages, and state the name of the carrier, policy number, liability limits and whether the carrier is disputing coverage.

30.    State whether you have ever been convicted of a crime.
        Yes (  )  No (  )
        If the answer is "yes", state the crime, the court of adjudication and the date of conviction. Attach all pleadings, orders, transcripts and other documents relating to the criminal proceeding.

31.    For each numbered allegation in your Complaint/Answer/Counterclaim: (a) set forth in detail the complete factual basis upon which the allegation is based (for each fact you mention, indicate the time, date, place, context, circumstances and entirety of scenario), (b) indicate and produce each document, material, thing and/or demonstrative evidence you claim supports that allegation, (c) provide the names and addresses of all witnesses you claim have knowledge to support that allegation (for each witness: state in detail what facts he or she knows that supports that allegation). Please provide a separate answer for each paragraph in your pleading. Please be aware that you will be bound at trial by your answer to this question.

32.    Set forth all conversations between Plaintiff(s) and Defendant(s). For each conversation: state the words used by each party to the conversation in as much detail and as accurately as possible. For each conversation state the time, date, place and context, and set forth the names and addresses of all witnesses to the conversation. Please be aware that you will be bound at trial by your answer to this question.

33.     Identify and produce each form of electronic communication or storage that relates in any way to the Plaintiffs or the underlying representation and preserve and provide a true copy.

34.     Set forth completely and in detail all claims and/or defenses that you have against Plaintiffs' claims in this lawsuit or that you will otherwise assert at Trial.

35.     Set forth completely and in detail all facts that you contend support any of your claims or defenses in this lawsuit or that you will otherwise introduce at Trial.

36.     Explain in detail every reason why Plaintiff(s) are not entitled to recover from you all damages claimed in this lawsuit.

37.     Describe in detail your relationship and past history, if any, with each party and witness in this lawsuit.

38.     Describe in detail all contracts and agreements (oral, written or implied) between you and any other party or witness in this action. Attach true copies of all written contracts.

39.     Describe in complete detail all statements and admissions you claim were made by Plaintiffs at any time relating to the subject matter of this lawsuit. Include in your answer the date, location and context of each statement or admission. If in writing, attach a copy hereto.

40.     If you contend that any of Plaintiffs' damages were caused or contributed to by the act or omission of any person or entity beside yourself, set forth all facts upon which you base that contention. Include names and addresses of all responsible persons or entities.

41.     For each numbered allegation in the Complaint: (a) set forth in detail the complete factual basis upon which the allegation is denied (for each fact you mention or upon which your anser is based, indicate the time, date, place, context, circumstances and entirety of scenario), (b) indicate and produce each document, material, thing and/or demonstrative evidence you claim supports your denial of the allegation, (c) provide the names and addresses of all witnesses you claim have knowledge to support the denial of the allegation (for each witness: state in detail what facts he or she knows that supports that allegation). Please provide a separate answer for each paragraph.

42.     Set forth all conversations between Plaintiff(s) and each Defendant(s). For each conversation: state the words used by each party to the conversation in as much detail and as accurately as possible. For each conversation state the time, date, place and context, and set forth the names and addresses of all witnesses to the conversation. Please be aware that you will be bound at trial by your answer to this question.

## CERTIFICATION OF ANSWERING PARTY

I hereby certify that the foregoing answers to interrogatories made by me are true and complete. I am aware that if any of the foregoing answers made by me are willfully false, I am subject to punishment. I further certify that the copies of the reports annexed hereto, if any, provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such becomes later known or available, I shall serve them promptly on the propounding party. I further certify that I have provided true and complete copies of all requested documents, things and information in my possession or control or otherwise available to me through reasonable efforts. I understand and agree that any information, witnesses or documents that I fail to timely disclose to the propounding party through my responses to these discovery requests will be barred at the time of Trial.

Date: _____                    _____

# EXHIBIT B

# *Professional Liability Insurance*

## CLAIM OFFICE:

**Mail claims to:**
945 E. Paces Ferry Rd.
Suite 1800
Atlanta, GA 30326-1160

**Fax claims to:**
(404) 231-3755
(Attn: Claims Department)

**Email claims to:**
reportclaims@rsui.com

RSG 51029 1114



## Landmark American Insurance Company
(A New Hampshire Stock Co.)
(hereinafter called "the Company")

EXECUTIVE OFFICES: 945 East Paces Ferry Road, Suite 1800, Atlanta, GA 30326-1160

**Policy Number:** LHR762742        **RENEWAL OF:** NEW

**Named Insured and Mailing Address:**        **Producer Name:**

MANDRACCHIA LAW
2023 CRESSMAN ROAD
SKIPPACK, PA 19474

**Policy Period:** **From:** 3/23/2017    **To:** 3/23/2018    at 12:01 A.M. Standard Time at the Named Insured address as stated herein.

IN CONSIDERATION OF THE PAYMENT OF THE PREMIUM, IN RELIANCE UPON THE STATEMENTS HEREIN OR ATTACHED HERETO, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, THE COMPANY AGREES WITH THE NAMED INSURED AS FOLLOWS.

1. **NAMED INSURED'S PROFESSIONAL SERVICES:**    LAW FIRM

2. **LIMITS OF LIABILITY:**      $ 1,000,000   **Each Claim**
                        $ 1,000,000   **Aggregate Limit**

3. **DEDUCTIBLE:**            $ 10,000   **Each Claim**

4. **RETROACTIVE DATE:**      April 16, 2001

5. **PREMIUM:**        $ PREMIUM REDACTED   Not Subject to Audit

6. **FORMS AND ENDORSEMENTS ATTACHED AT INCEPTION:**

See attached forms list.

THESE DECLARATIONS TOGETHER WITH A SIGNED COPY OF THE NAME INSURED'S APPLICATION FOR THIS POLICY, COVERAGE FORM(S), FORMS AND ENDORSEMENTS, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

**NOTICE:** THIS IS A CLAIMS-MADE AND REPORTED POLICY. PLEASE READ THE POLICY CAREFULLY AND DISCUSS THE COVERAGE AFFORDED BY THE POLICY WITH YOUR INSURANCE AGENT OR BROKER.

March 28, 2017
Date

By
Authorized Representative

Submit Date:   975415   Elapsed Date
Created By:   KNH

RSG 50004 0714

**SCHEDULE OF POLICY ATTACHMENTS AND FORMS**

| Form Number | Form Title |
| --- | --- |
| RSG 51011 0117 | Lawyers Professional Liability Coverage Form Claims Made and Reported Basis |
| ENDT-01 | Biological Contaminants Exclusion - RSG 56010 0903 |
| ENDT-02 | Minimum Retained Premium - RSG 54025 0405 |
| ENDT-03 | Nuclear Energy Liability Exclusion - RSG 56058 0903 |
| ENDT-04 | Pennsylvania - Notice of Cancellation & Nonrenewal - RSG 53015 0903 |
| ENDT-05 | Pennsylvania Surplus Lines Disclosure Notice - RSG 99091 0106 |
| ENDT-06 | Pollution Exclusion - RSG 56065 0903 |
| ENDT-07 | Service Of Suit - RSG 94022 0407 |
| ENDT-08 | Specific Attorney Exclusion Endorsement - RSG 56073 0903 |
| ENDT-09 | Specific Claim Exclusion |
| ENDT-10 | State Fraud Statement - RSG 99022 0415 |
| ENDT-11 | Violation of Consumer Protection Laws Exclusion - RSG 56121 0216 |

**Policy No.:** LHR762742

RSG 54081 0710

# LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM
# CLAIMS MADE AND REPORTED BASIS

Throughout this document, the word "Insured" means any person or entity qualified as such under **Part I. E. Covered Persons and Entities**. The word "Company" refers to the Company providing the insurance shown on the Declarations.

Other words and phrases that appear in **bold** have special meaning. Refer to **Part III. Definitions.**

**Part I.   Insuring Agreements**

### A.   Covered Services

The Company will pay on behalf of the Insured as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error, omission, or **Personal Injury**, even if the **Claim** asserted is groundless, false or fraudulent, in the rendering of or failure to render **Professional Services** as a Lawyer, provided that the:

1. **Claim** is first made against the Insured during the **Policy Period,** and reported to the Company no later than thirty (30) days after the end of the **Policy Period;**

2. Negligent act, error or omission or **Personal Injury** took place in a covered territory;

3. Negligent act, error or omission or **Personal Injury** took place after the **Retroactive Date** shown in the Declarations.

### B.   Defense and Settlement

The Company will have the right and duty to defend any **Claim** against an Insured seeking **Damages** to which this Policy applies, even if any of the allegations of the **Claim** are groundless, false or fraudulent. The Company's right and duty to defend any **Claim** shall end when the Company's Limit of Liability has been exhausted by payment of **Damages** and/or **Claim Expenses**, or has been tendered to the Insured, or to a court of competent jurisdiction.

The Company shall not settle any **Claim** without the Insured's written consent. If, however, the Insured refuses to consent to any settlement recommended by the Company and elects to contest the **Claim,** or continue any legal proceedings in connection with such **Claim,** then the Company's maximum liability shall be limited to the amount for which the **Claim** could have settled, including the total amount of **Claims Expenses** incurred up to the date of the Insured's refusal. Such amounts are subject to the provisions of **Part I. C. Policy Limits.**

The Insured shall not admit any liability for or settle any **Claim** or incur any costs, charges or expenses without the written consent of the Company.

### C.   Policy Limits

Regardless of the number of persons or entities Insured or included in **Part I. E. Covered Persons and Entities**, or the number of claimants or **Claims** made against the Insured:

1. The maximum liability of the Company for **Damages** and **Claim Expenses** resulting from each **Claim** first made against the Insured during the **Policy Period** and the Extended Reporting Period, if purchased, shall not exceed the amount shown in the Declarations as each **Claim;**

2. The maximum liability of the Company for all **Damages** and **Claim Expenses** as a result of all **Claims** first made against the Insured during the **Policy Period** and the Extended Reporting Period, if purchased, shall not exceed the amount shown in the Declarations as Aggregate.

The Company shall not be obligated to pay any **Claim** for **Damages** or defend any **Claim** after the applicable Limit of Liability has been exhausted by payment of judgments, settlements, **Claim Expenses** or any combination thereof.

**Claim Expenses** are part of and not in addition to the applicable Limits of Liability. Payment of **Claim Expenses** by the Company reduces the applicable Limits of Liability.

The inclusion of more than one Insured, or the making of **Claims** by more than one person or organization, does not increase the Company's Limit of Liability. All **Claims** arising out of a single negligent act, error or omission, or a series of related negligent acts, errors or omissions by one or more Insureds shall be treated as a single **Claim** for all purposes of this policy. All **Claims** shall be deemed first made when the earliest of such **Claims** is first made, regardless of whether such date is before or during the **Policy Period** and all such **Claims** shall be subject to the same Each Claim Limit of Liability during that **Policy Period**.

**D. Deductible Provisions**

The deductible amount stated in the Declarations shall be paid by the Insured. The deductible amount applies to each **Claim**, and includes **Damages** or **Claim Expenses**, whether or not a loss payment is made. If the deductible amount is initially paid by the Company, upon written request of the Company, the Named Insured shall reimburse the amount paid within thirty (30) days.

**E. Covered Persons and Entities**

1. Named Insured as shown in the Declarations, and if the Named Insured is an individual, his or her spouse, or domestic partner, but only with respect to the **Professional Services** rendered by or on behalf of the Named Insured;

2. any **Predecessor Firm(s)**;

3. any lawyer or professional corporation who was a principal, shareholder, partner, officer, director, member, manager, employee or independent contractor of any **Predecessor Firm(s)**, or who was, is or becomes a principal, shareholder, partner, officer, director, member, manager, employee or independent contractor of the Named Insured, but only while acting on behalf of the Named Insured and within the scope of their duties as a lawyer;

4. the estate, heirs, executors, administrators, and legal representatives of any Insured in the event of such Insured's death, incapacity, insolvency or bankruptcy, but only to the extent that such Insured would otherwise be provided coverage under this policy;

5. any person or professional corporation designated "of counsel" to the Named Insured or any **Predecessor Firm(s)**, but only while such person or professional corporation is/was acting on behalf of the Named Insured or any **Predecessor Firm(s)** and within the scope of their duties as a lawyer;

6. any non-lawyer who was an employee of any **Predecessor Firm(s)** or who was, is or becomes an employee of the Named Insured, but only while such employee is/was acting within the scope of his or her duties as an employee of the Named Insured or any **Predecessor Firm(s)** and;

7. any organization the Named Insured newly acquires or forms but only if and when the Company provides the Named Insured written acceptance. This provision applies to any partner, officer, director, member, manager, employee or independent contractor of such newly acquired or formed organization, subject to the above described written acceptance in the form of an endorsement issued by the Company to form a part of this policy.

A premium adjustment or revision of limits, deductible or coverage may be required by the Company as a result of any such change.

**F. Covered Territory**

This policy applies to covered **Claims** arising out of negligent acts, errors or omissions, or **Personal Injury** committed anywhere in the world. However, the policy does not provide coverage for **Claims** made against the Insured in countries where the United States of America has declared or imposed a trade embargo or sanctions, or in countries where the United States of America does not maintain diplomatic relations.

**G. Extended Reporting Period**

If the policy is not renewed for any reason or is cancelled for any reason other than for nonpayment of premium or deductible (whether cancelled by the Company or by the Named Insured), the Named Insured as shown in the Declarations, has the right to purchase, within thirty (30) days of policy termination, an extension of the coverage granted by this policy. This reporting period extension shall remain in force for a period of either twelve (12), twenty-four (24) or thirty-six (36) months after the policy terminates, but only for **Claims** resulting from negligent acts, errors or omissions, or **Personal Injury** committed before the effective date of the cancellation or nonrenewal, and otherwise covered by this policy. Increased premiums or deductibles or modifications of coverage terms or conditions upon renewal

do not constitute cancellation or nonrenewal.

The premium for this Extended Reporting Period will not exceed one hundred percent (100%) for twelve months, one hundred fifty percent (150%) for twenty-four months or one hundred seventy-five percent (175%) for thirty-six months of the full annual premium set forth in the Declarations and any attached endorsements, and must be elected and paid within thirty (30) days after the effective date of the policy's termination. Such additional premium is deemed fully earned immediately upon the inception of the Extended Reporting Period.

The Extended Reporting Period is added by endorsement and, once endorsed, cannot be cancelled. The Extended Reporting Period does not reinstate or increase the Limits of Liability. The Company's Limits of Liability during the Extended Reporting Period are part of, and not in addition to, the Company's Limits of Liability stated in the Declarations.

**H. Supplementary Coverages**

It is agreed that any and all payments made for the following is included within, and shall not be in addition to, the Policy Limits as described in this Policy.

The Company will provide for the defense of any complaint, investigation or other action (**Claim Expenses** only) first brought against an Insured during the **Policy Period** by any licensing board, disciplinary board, peer review committee, or similar entity alleging professional misconduct or violation of the rules of professional conduct that occurred after the Policy's **Retroactive Date** and that arises out of the Insured's performance of professional services as described in the Declarations. The Company's obligation to pay **Claim Expenses** to defend an Insured under this supplementary coverage is subject to a sub-Limit of Liability in an aggregate amount of $25,000. **Damages** are not covered by this supplementary coverage.

This sub-Limit of Liability is the maximum amount payable under this provision for the **Policy Period**, regardless of the number of disciplinary proceedings first commenced during the **Policy Period** or the number of Insureds subject to disciplinary proceedings. There will be no deductible for payments made under this provision, and any such payments are a part of, and not in addition to, the Company's Limits of Liability as described in the Declarations.

The Company will pay reasonable expenses incurred by the Insured at the Company's request to assist in the investigation of the **Claim** or defense of the suit, including actual loss of earnings up to $500 a day for each Insured because of time off from work, subject to an aggregate amount of $5,000 for each individual Insured for each **Claim**, not to exceed an aggregate amount of $10,000 per **Policy Period**. There will be no deductible for payments made under this provision, and any such payments are a part of, and not in addition to, the Company's Limits of Liability as described in the Declarations.

**Part II. Exclusions**

This policy does not apply to any **Claim** or **Claim Expenses** based upon or arising out of:

**A.** Actual dishonest, fraudulent, criminal, intentionally wrongful or malicious act, error, or omission committed by any Insured. However, this Exclusion shall not apply unless the dishonest, fraudulent, criminal, intentionally wrongful or malicious act, error, or omission is established or proven by:

   1. an admission by any Insured; or

   2. a finding, determination, or ruling order or judgment in a judicial, administrative or arbitration proceeding.

However, nothing in the foregoing shall exclude coverage for any other Insured who has neither ratified, nor participated in committing, nor personally acquiesced in, nor remained passive after having personal knowledge of such act or omission.

**B. Bodily Injury**, or humiliation sustained by any person; but this exclusion will not apply to mental anguish, emotional distress or humiliation caused solely by **Personal Injury**.

**C. Property Damage.**

**D.** Any **Claim** arising out of the Insured's capacity as:

   1. An officer, director, partner, stockholder or employee of a business enterprise not named in the Declarations, charitable organization or pension, welfare, profit sharing, mutual or investment fund or trust;

2. A public official or an employee of a governmental body, subdivision or agency;

3. A fiduciary under the Employee Retirement Income Security Act of 1974 and its amendments or any regulation or order issued pursuant thereto.

E. Any entity other than the Named Insured or any **Predecessor Firm** in which any Insured or any **Related Individual(s)** of an Insured has an ownership or controlling interest excess of ten percent (10%), whether such ownership interest or control is financial or otherwise.

F. A **Claim** by one Insured under this policy against another Insured under this policy.

G. Any alleged act, error, omission, **Personal Injury** or circumstance likely to give rise to a **Claim** that an Insured had knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to, any prior **Claim** or possible **Claim** referenced in the Insured's application.

H. The actual or alleged theft, stealing, conversion, commingling, embezzlement, or misappropriation by any person of any kind of monies, funds, negotiable instruments, securities, property of any kind or assets of any kind.

I. Any **Claim** against an Insured as the beneficiary or distributee of any trust or estate.

J. Any obligation or liability assumed by the Insured under any contract or any oral or written agreement, unless liability would have attached in the absence of such a contract or agreement.

K. A counterclaim to any lawsuit any Insured may file against a client to collect fees.

L. The notarization of a signature without the physical appearance of the signator before the Insured.

M. The Insured knowingly rendering or failing to render professional services to two or more parties of divergent, varying or opposed interests, thereby creating an actual conflict of interest.

N. An alleged or actual violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C Sections 1961 et seg.("RICO"), and any and all amendments thereto, and any rule, regulation, or order issued pursuant thereto, or alleging any violation of any similar state anti-racketeering or organized crime legislation.

O. Actual or alleged discrimination of any kind including, but not limited to, discrimination based upon race, color, creed, age, religion, sex, marital status, national origin or disability.

P. Recommendations, representations, or opinions concerning specific investment advice by any Insured or any person or organization referred to by any Insured in connection with portfolio or trust account management, or the performance or non performance of securities, real estate, or other investments.

Q. **Claim** made by a **Related Individual** of any Insured.

R. Suits brought against any Insured if such **Claim** or suit arises out of an act, error, omission or **Personal Injury** of another person or entity with whom the Insured shares common office space or common office facilities and who is not an Insured under this policy.

S. Any violation of the Securities Exchange Act of 1933, the Securities Exchange Act of 1934, the Investment Advisors Act of 1940, The Investment Company Act of 1940, the Trust Indenture Act of 1993, The Public Utilities Holding Act of 1935; or any State Blue Sky Laws or securities laws or any rules, regulations or amendments issued in relation to such acts; or

1. any **Claim** based upon common law principles of liability if made in connection with an actual or alleged violation of any law listed above; or

2. any **Claim** arising out of your **Professional Services** involving, directly or indirectly, any state or municipal financing or bonds; or

3. any **Claim** based upon or arising out of the formation, syndication, operation or administration of any limited partnership and/or joint venture.

T. Any regulatory authority or administrative actions brought by a federal, state or local governmental entity including, but not limited to: any actions, decisions, orders or proceedings by the Federal Trade Commission, Federal Communications Commission or any other federal, state or local governmental agency.

U. Infringement of patent.

V. Any **Claim** or litigation against any Insured occurring prior to, or pending as of the inception date of this policy including (but not limited to), **Claims**, demands, causes of actions, legal or quasi-legal proceedings, decrees, or judgments; or any subsequent litigation or **Claims** arising from or based on substantially the same matters as alleged in the pleadings of such prior or pending litigation; or any act, error, omission or **Personal Injury** of any insured(s) which gave rise to such prior or pending litigation or **Claims**.

W. 1. Refusal to employ;

2. Termination of employment;

3. Coercion, demotion, performance evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, retaliation or other employment related practices, procedures, policies, acts or omissions; or

4. Consequential **Bodily Injury** or **Personal Injury** as a result of (1) through (3) above.

This exclusion applies whether the Insured may be held liable as an employer or in any other capacity and to any obligation to share **Damages** with or to repay someone else who must pay **Damages** because of the injury.

It is further agreed that no coverage shall apply under this policy to any **Claim** brought by or against any spouse, child, parent, brother or sister of the Insured or any other person. The Company shall not have a duty to defend any **Claim**, suit, arbitration or any other form of a trial court proceeding.

X. Or involving the ownership, maintenance, use (including operation, loading and unloading), or entrustment to others of any aircraft, automobile, motor vehicle, mobile vehicles or watercraft owned or operated by or rented or loaned to any insured. Use includes operation, loading and unloading.

## PART III.   Definitions

A. **Bodily Injury** means physical or mental injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

B. **Claim** means a written demand for monetary or non-monetary relief received by the Insured during the **Policy Period**, including the service of suit, or the institution of an arbitration proceeding. Additionally, **Claims** that arise from an incident, occurrence or offense first reported by the Insured during the **Policy Period** and accepted by the Company in accordance with **Part IV. A. Notice of Claim** will be considered a **Claim** first made during the **Policy Period**.

C. **Claim Expenses** means expenses incurred by the Company or the Insured with the Company's consent, in the investigation, adjustment, negotiation, arbitration, mediation and defense of covered **Claims**, whether paid by the Company or the Insured with the Company's consent, and include:

1. Attorney fees;

2. Costs assessed against the Insured in any **Claim** defended by the Company;

3. Interest on the full amount of any judgment that accrues after entry of the judgment and before the Company has paid, offered to pay or deposited in court that part of the judgment within the applicable Limit of Liability;

4. The cost of appeal bonds or bonds to release attachments, but only for bond amounts within the available applicable policy limit, and only if said **Claim** is covered by the policy;

5. Reasonable expenses incurred by the Insured at the Company's request other than:

a. Loss of earnings;

b. Salaries or other compensation paid to the Insured or any employee of the Insured.

D. **Damages** means monetary judgment, award or settlement, except those for which insurance is prohibited by law. **Damages** does not include punitive or exemplary **Damages**, fines, penalties, sanctions, taxes, awards or **Damages** that are multiples of any covered **Damages**, disputes over fees, deposits, commissions or charges for goods or services.

E. **Policy Period** means the period of time stated in the Declarations or any shorter period resulting from policy cancellation or amendment to the policy.

**F. Personal Injury** means injury, other than **Bodily Injury**, arising out of one or more of the following actual or alleged offenses by the Insured in the performance of **Professional Services** as a lawyer:

1. False arrest, detention or imprisonment;

2. Malicious prosecution and malicious abuse of process;

3. Wrongful entry or eviction or invasion or violation of the right of private occupancy;

4. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

5. Oral or written publication of material that violates a person's right of privacy.

**G. Property Damage** means injury to tangible property, including all resulting loss of use of that property, or loss of use of tangible property that is not physically injured.

**H. Retroactive Date** means the date stated in the Declarations on or after which any alleged or actual negligent act, error or omission or **Personal Injury** must have first taken place in order to be considered for coverage under this policy.

**I. Professional Services** means only services performed for others by an Insured as an escrow agent, lawyer, notary public, administrator, conservator, executor, guardian, guardian ad litem, arbitrator, mediator, trustee, and title insurance agent.

**J. Predecessor Firm** means any lawyer, law firm, or professional legal corporation engaged in the practice of law which has undergone dissolution, and either:

1. to whose financial assets and liabilities the **Named Insured** is the majority successor in interest, provided such principals, shareholders, partners or officers were responsible for production in excess of fifty percent of the prior law firm's annual gross billings and such billings have been assigned or sent over to the **Named Insured**, or

2. at least fifty percent of the principals, shareholders, partners or officers of the prior law firm have joined the **Named Insured**.

**K. Related Individual**, whenever used in this policy, means the spouse, former spouse, children, stepchildren, former stepchildren, grandchildren, parents and siblings of an Insured and any trust or estate of which any of them is a beneficiary.

## PART IV. Conditions

### A. Notice of Claim

The Insured must notify the Company as soon as practicable of an incident, occurrence or offense that may reasonably be expected to result in a **Claim**. Where notice to the Company of such incidents, occurrences or offenses has been acknowledged as adequate by the Company in writing, subsequent **Claims** derived from such incidents, occurrences or offenses will be deemed as first made at the time the incident, occurrence or offense giving rise to such **Claim** was first provided. The Insured also must immediately send copies to the Company of any demands, notices, summonses or legal papers received in connection with any **Claim**, and must authorize the Company to obtain records and other information. Please send all claim information to:

> Attention: **Claims** Dept.
> RSUI Group, Inc.
> 945 East Paces Ferry Road, Suite 1800
> Atlanta, Georgia 30326-1160
> Or Via Email:
> reportclaims@rsui.com

### B. Prohibition of Voluntary Payments and Settlements

With respect to any **Claim** covered under this policy, the Insured shall not, except at the Insured's own expense, make any payment, admit liability, settle **Claims,** assume any obligation, agree to arbitration or any other means of dispute resolution, waive any rights or incur any expenses without prior written approval by the Company.

### C. Cooperation

The Insured shall cooperate with the Company in the conduct of the defense of a **Claim,** and upon the

Company's request, submit to examination and interrogation by Company representatives, under oath if required, and attend hearings and trials, and assist in affecting settlements, securing and giving evidence, and in obtaining the attendance of witnesses.

**D.  Notice of Cancellation and Nonrenewal**

The Named Insured may cancel this policy by mailing or delivering to the Company advance written notice of cancellation.

For other than nonpayment of premium or deductible, the Company will give the Named Insured sixty (60) days written notice prior to cancellation or nonrenewal of this policy by mailing or delivering the notice to the first Named Insured's last known mailing address. If the Company cancels the policy due to the Named Insured's failure to pay a premium when due, this policy may be cancelled by the Company giving not less than 10 days written notice of cancellation.

The cancellation notice will state the effective date of the cancellation and the policy will terminate on that date. If cancelled by the Company, the earned premium shall be computed pro-rata. If cancelled by the Insured, the earned premium shall be computed short rate.

**E.  Premium and Audit**

Premiums for this coverage are computed in accordance with the Company's rules and rates. Any premium shown as advance premium may be a deposit premium only. If the premium is a deposit premium, at the close of each audit period, the Company will compute the earned premium for that period. Audit premiums are due and payable upon notice.

The Company may examine and audit the Insured's books and records at any time during the **Policy Period** and within three years after the final termination of the policy, as far as they relate to the subject matter of this policy.

The first Named Insured listed in the Declarations must keep records of information the Company will need for premium computation and must send the Company copies of the information upon request.

**F.  Authorization**

The first Named Insured listed in the Declarations agrees to act as the Named Insured with respect to the giving and receiving of all notices, exercising of the Extended Reporting Period option, canceling of the policy, paying of all premiums and deductibles, and the receiving of any return premiums that may become due.

**G.  Change**

This policy contains all of the agreements concerning the insurance provided. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with the Company's consent. The policy terms can be amended or waived only by endorsement issued by the Company and made a part of this policy.

**H.  Subrogation**

In the event of any **Claim** under this policy, the Company shall be subrogated to all Insured's rights of recovery against any person or organization, and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after the loss to prejudice such rights.

**I.  Other Insurance**

This policy is excess over, and will not contribute with, any other existing insurance, unless such other insurance is specifically written to be excess of this policy.

If it is determined that both this insurance and other insurance or self insurance apply to any **Claim** on the same basis, whether primary, excess or contingent, the Company will not be liable under this policy for a greater proportion of the **Damages** or **Claim Expenses** than the applicable Limit of Liability under the policy for such **Damages** bears to the total applicable Limit of Liability of all other insurance or self insurance, whether or not collectible against such **Claim**.

**J.  Actions Against the Insurer**

No action will be taken against the Company unless, as a condition precedent, the Insured is in full compliance with all of the terms of this policy, and until the amount of the Insured's obligations to pay have been finally determined, either by judgment against the Insured, after actual trial, or by written

agreement of the Insured, the claimant and the Company.

**K. Non-Transferability**

The Insured's rights and duties under this policy may not be transferred without the written consent of the Company.

**L. Coverage in Bankruptcy**

Bankruptcy or insolvency or receivership of the Insured or of the Insured's estate does not relieve the Company of its obligations under this policy; however, this provision does not apply if this policy is cancelled by the Company due to nonpayment of premium or deductible.

**M. False or Fraudulent Claims**

If an Insured knowingly makes any **Claim** that is false or fraudulent, this insurance shall become void and entitlement to coverage for all **Claims** hereunder shall be forfeited.

**N. Application**

The Insured agrees that the statements in the application are personal representations, that they shall be deemed material and that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the Insured and the Company, or any of its agents, relating to this insurance. The signed application, and any attachments thereto, submitted in connection with this Policy are incorporated herein and constitute a part of this Policy.

LANDMARK AMERICAN INSURANCE COMPANY

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# BIOLOGICAL CONTAMINANTS EXCLUSION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

I.  In consideration of the premium charged, it is agreed that the following **Exclusion** is added to the policy:

   **Biological Contaminant**;

II.  It is further agreed that the following **Definition** is added to the policy:

   **Biological Contaminant** means any biological irritant or contaminant including but not limited to any form of mold, mildew, mushroom, yeast, fungus, bacteria, virus, insect, allergen and any other type of biological agent, including any substance produced by, emanating from, or arising out of such **Biological Contaminant**.

All other terms and conditions of this policy remain unchanged.

This endorsement effective    3/23/2017
Forms part of Policy Number    LHR762742
Issued to    MANDRACCHIA LAW
by    Landmark American Insurance Company

                                                    Endorsement No.:    01

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# MINIMUM RETAINED PREMIUM

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

In the event of cancellation of this policy by the Insured, return premium shall be computed at .90 of the pro rata unearned policy premium, subject however to a retention by the company of not less than $13,500.00.

Nothing in this endorsement is deemed to affect the Company's cancellation rights which remain as indicated in the coverage form.

It is further agreed that return premium may be allowed on a pro rata basis if cancelled for non payment of premium or deductible, subject however to retention by the company of the minimum retained premium as shown above.

All other terms and conditions of this policy remain unchanged.

This endorsement effective      3/23/2017
Forms part of Policy Number    LHR762742
Issued to     MANDRACCHIA LAW
by     Landmark American Insurance Company

Endorsement No.:      02

RSG 54025 0405

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# NUCLEAR ENERGY LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

**This policy does not apply;**

a.  **Under any Liability Coverage,** to bodily injury or property damage;

    (1)  with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Associates of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    (2)  resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

b.  **Under any Medical Payments Coverage** or any Supplemental Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

c.  **Under any Liability Coverage** to bodily injury or property damage resulting from the hazardous properties of nuclear material, if:

    (1)  the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured, or (b) has been discharged or dispersed therefrom;

    (2)  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

    (3)  the bodily injury or property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat;

d.  **As used in this Endorsement:**

    (1)  "Hazardous properties" include radioactive, toxic, or explosive properties;

    (2)  "Nuclear material" means source material, special nuclear material or byproduct material;

    (3)  "Source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    (4)  "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor,

This endorsement effective     3/23/2017
Forms part of Policy Number    LHR762742
Issued to     MANDRACCHIA LAW
by    Landmark American Insurance Company

                            Endorsement No.:     03

(5) "Waste" means any waste material (a) containing byproduct material and (b) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (6), (a) or (b) thereof;

(6) "Nuclear facility" means:

(a) any nuclear reactor;

(b) any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing, or packaging waste;

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste; and includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

(7) "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

(8) "Property damage" includes all forms of radioactive contamination of property.

All other terms and conditions of this policy remain unchanged.

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# PENNSYLVANIA – NOTICE OF CANCELLATION AND NON-RENEWAL AMENDMENT

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

**The Notice of Cancellation and non-renewal clause as contained in this policy is deleted and replaced as follows:**

The Named Insured may cancel this policy by mailing or delivering to the Company advance notice of cancellation.

The Company may cancel this policy by:

A.  CANCELLATION OF POLICIES IN EFFECT FOR  SIXTY (60) DAYS OR LESS:

If this policy has been in effect for sixty (60) days or less, the Company may cancel this policy for any reason, by mailing thirty (30) days advance notice of cancellation to the Named Insured.

B.  CANCELLATION OF POLICIES IN EFFECT FOR MORE THAN SIXTY (60) DAYS:

If this policy has been in effect more than sixty (60) days or more, or is a renewal policy to Landmark American Insurance Company, the Company may cancel this policy only for one or more of the following reasons by mailing the following number of day advance notice to the Named Insured:

| REASON FOR CANCELLATION | NUMBER OF DAYS ADVANCE NOTICE TO BE PROVIDED NAMED INSURED |
|---|---|
| Non-payment of premium (failure to pay a premium when due) | Fifteen (15) days |
| If the Named Insured makes a material misrepresentation that effects the insurability of risk | Fifteen (15) days |
| A substantial change in the risk covered by this policy | Sixty (60 days |
| If the Company loses its reinsurance for this policy | Sixty (60) days |
| If the Named Insured does not comply with policy terms, conditions or duties | Sixty (60) days |
| Any other reason approved the by Insurance Commissioner | Sixty (60) days |

> **This policy may also be cancelled from inception upon discovery that the policy was obtained through fraudulent statements, omissions, or concealment of facts material to the acceptance of the risk or to the hazard assumed by the Company**

C.  NOTICE OF NON-RENEWAL:

In the event that the Company decides to non-renew this policy, The Company will mail at least sixty (60)

This endorsement effective    3/23/2017
Forms part of Policy Number   LHR762742
Issued to   MANDRACCHIA LAW
by   Landmark American Insurance Company

Endorsement No.:    04

days advance written notice of non-renewal to the Named Insured.

D. NOTICE OF INCREASE IN PREMIUM – RENEWAL:

If the Company offers renewal terms with an increase in premium, the Company will provide the Named Insured with thirty (30) days advance notice.

The cancellation or non-renewal notice will be mailed via registered or first class mail to the Named Insured at the mailing address stated in the Declarations. The cancellation or non-renewal notice will state the effective date of the cancellation as well as the reason(s) for cancellation or non-renewal and the policy will terminate on that date.

If coverage is cancelled by the Company, the earned premium shall be computed pro-rata. If coverage is cancelled by the Insured, the earned premium shall be computed short rate.

All other terms and conditions of this policy remain unchanged.

## *IMPORTANT NOTICE*

### PENNSYLVANIA SURPLUS LINES DISCLOSURE NOTICE

The insurer which has issued this insurance is not licensed by the Pennsylvania Insurance Department and is subject to limited regulation. This insurance is NOT covered by the Pennsylvania Insurance Guaranty Association.

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

This insurance does not apply to **Damages** or **Claims Expenses** for **Claims** or suits arising out of:

A.  The actual, alleged or threatened presence, discharge, dispersal, seepage, migration, release or escape of **Pollutants** or asbestos; or

B.  The failure to discover or disclose the existence or amount of **Pollutants** or asbestos; or

C.  Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with A. or B. above; or

D.  Any request, demand or order that any Insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **Pollutants** or asbestos; or

E.  Any **Claim** or suit by or on behalf of a governmental authority for **Damages** because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **Pollutants** or asbestos.

As used in this endorsement:

**Pollutant** means any solid, liquid, gaseous, radioactive or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes material to be recycled, reconditioned or reclaimed.

All other terms and conditions of this policy remain unchanged.

This endorsement effective     3/23/2017
Forms part of Policy Number    LHR762742
Issued to     MANDRACCHIA LAW
by     Landmark American Insurance Company

Endorsement No.:     06

RSG 56065 0903

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# SERVICE OF SUIT

This endorsement modifies insurance provided under the following:

## ALL COVERAGE PARTS

In the event of our failure to pay any amount claimed to be due, we, at your request, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America.  Nothing in this condition constitutes or should be understood to constitute a waiver of our rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court or seek a transfer of a case to another Court as permitted by the laws of the United States or of any state in the United States, moreover, this endorsement is not an agreement that the law of a particular jurisdiction applies to any dispute under the policy.

Service of process in such suit may be made upon the Senior Claims Officer of RSUI Group, Inc. 945 East Paces Ferry Road, Suite 1800, Atlanta, GA  30326-1160, or his designee. In any suit instituted against any one of them upon this contract, we will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above named is authorized and directed to accept service of process on our behalf in any such suit and/or upon your request to give a written undertaking to you that we will enter a general appearance upon our behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States of America, which makes provision therefore, we hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for the purpose in the statute, or his successor or successors in office, as our true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by you or on your behalf or any beneficiary hereunder arising out of  this contract of insurance, and we hereby designate the above named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

All other terms and conditions of the policy remain unchanged

This endorsement effective      3/23/2017
Forms part of Policy Number    LHR762742
Issued to     MANDRACCHIA LAW
by    Landmark American Insurance Company                         Endorsement No.:      07

LANDMARK AMERICAN INSURANCE COMPANY

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# SPECIFIC ATTORNEY EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

In consideration of the premium charged, it is agreed that this policy will not apply to any **Damages** or **Claims Expenses** for **Claims** or suits arising out of any act, error, omission or **Personal Injury**, committed at any time by Keith McWhirk.

All other terms and conditions of this policy remain unchanged.

This endorsement effective     3/23/2017
Forms part of Policy Number    LHR762742
Issued to    MANDRACCHIA LAW
by    Landmark American Insurance Company

Endorsement No.:     08

RSG 56073 0903

LANDMARK AMERICAN INSURANCE COMPANY

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# SPECIFIC CLAIM EXCLUSION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

In consideration of the premium charged, it is agreed that this policy will not apply to any **Claims** and/or **Claims Expenses** for or arising out of the facts and/or circumstances, directly or indirectly from or in consequence of, or in any way involving:  Keith M. McWhirk.

This endorsement effective     3/23/2017
Forms part of Policy Number     LHR762742
Issued to     MANDRACCHIA LAW
by     Landmark American Insurance Company

Endorsement No.:     09

RSG 56137 0416

## State Fraud Statements
## Fraud Statements – Signature Required for New York Only

### ARKANSAS, LOUISIANA, RHODE ISLAND, TEXAS AND WEST VIRGINIA FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

### ALASKA FRAUD STATEMENT

A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a claim containing false, incomplete, or misleading information may be prosecuted under state law.

### ALABAMA FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution fines or confinement in prison, or any combination thereof.

### ARIZONA FRAUD STATEMENT

For your protection Arizona law requires the following statement to appear on this form.   Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

### CALIFORNIA FRAUD STATEMENT

For your protection, California law requires that you be made aware of the following: Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

### COLORADO FRAUD STATEMENT

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies.

### DELAWARE FRAUD STATEMENT

Any person who knowingly, and with intent to injure, defraud or deceive any insurer, files a statement of claim containing any false, incomplete or misleading information is guilty of a felony.

### DISTRICT OF COLUMBIA FRAUD STATEMENT

**WARNING:** It is a crime to provide false, or misleading information to an insurer for the purpose of defrauding the insurer or any other person.  Penalties include imprisonment and/or fines.  In addition, an insurer may deny insurance benefits if false information materially related to a claim was provided by the applicant.

### FLORIDA FRAUD STATEMENT

Any person who knowingly and with intent to injure, defraud or deceive any insurer, files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

A member of Alleghany Insurance Holdings LLC

## HAWAII FRAUD STATEMENT

For your protection, Hawaii law requires you to be informed that any person who presents a fraudulent claim for payment of a loss or benefit is guilty of a crime punishable by fines or imprisonment, or both.

## IDAHO FRAUD STATEMENT

Any person who knowingly, and with intent to defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is guilty of a felony.

## INDIANA FRAUD STATEMENT

Any person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

## KANSAS FRAUD STATEMENT

Any person who, knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker or any agent thereof, any written statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy for personal or commercial insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which such person knows to contain materially false information concerning any fact material thereto; or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act.

## KENTUCKY FRAUD STATEMENT

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

## MAINE FRAUD STATEMENT

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

## MARYLAND FRAUD STATEMENT

Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

## MINNESOTA FRAUD STATEMENT

Any person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

## NEW HAMPSHIRE FRAUD STATEMENT

Any person who, with a purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

## NEW JERSEY FRAUD STATEMENT

Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties.

## NEW MEXICO FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to civil fines and criminal penalties.

A member of Alleghany Insurance Holdings LLC

### OHIO FRAUD STATEMENT

Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

### OKLAHOMA FRAUD STATEMENT

**WARNING:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

### OREGON FRAUD STATEMENT

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents materially false information in an application for insurance may be guilty of a crime and may be subject to fines and confinement in prison.

### PENNSYLVANIA FRAUD STATEMENT

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

### PUERTO RICO FRAUD STATEMENT

Any person who knowingly and with the intention of defrauding presents false information in an insurance application, or presents, helps, or causes the presentation of a fraudulent claim for the payment of a loss or any other benefit, or presents more than one claim for the same damage or loss, shall incur a felony and, upon conviction, shall be sanctioned for each violation by a fine of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000), or a fixed term of imprisonment for three (3) years, or both penalties. Should aggravating circumstances be present, the penalty thus established may be increased to a maximum of five (5) years, if extenuating circumstances are present, it may be reduced to a minimum of two (2) years.

### TENNESSEE, VIRGINIA, AND WASHINGTON FRAUD STATEMENT

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

### SIGNATURE REQUIRED

### NEW YORK FRAUD STATEMENT

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

_____

Insured/Applicant/Claimant

_____

By (Authorized Representative)

_____

Title

_____

Date

A member of Alleghany Insurance Holdings LLC

*This Endorsement Changes The Policy.  Please Read It Carefully.*

# VIOLATION OF CONSUMER PROTECTION LAWS EXCLUSION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE FORM CLAIMS MADE AND REPORTED BASIS**

This insurance does not apply to any **Claim** based upon or arising directly, or indirectly, out of any actual or alleged violation of consumer protection laws including, but not limited to, the following:

1. The False Claims Act (FCA), including any amendment of or addition to such law;

2. The Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank), including any amendment of or addition to such law;

3. The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA);

4. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

5. The Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (CAN-SPAM Act), including any amendment of or addition to such law;

6. Any federal, state or local statute, ordinance or regulation that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information;

7. Any other law, ordinance, regulation or statute relating to any communication, distribution, publication, sending or transmission via telephone, telephone facsimile machine, computer or other telephonic or electronic devices, including claims asserted under the common law; or

8. **Claims** brought by any state or federal government agency, or any person or entity on their behalf, including qui tam **claims**, seeking to enforce any consumer protection law.

All other terms and conditions of this policy remain unchanged.

This endorsement effective     3/23/2017
Forms part of Policy Number    LHR762742
Issued to    MANDRACCHIA LAW
by    Landmark American Insurance Company          Endorsement No.:     11

RSG 56121 0216

# EXHIBIT C

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA  30326-1160 | APPLICATION FOR LAWYERS' PROFESSIONAL<br>LIABILITY INSURANCE<br>(CLAIMS-MADE FORM) |
|---|---|

## General Applicant Information

1. Name of Firm:   Mandracchia Law

2. Principal Address: 2023 Cressmna Road, P.O. Box 1229

3. City: Skippack        County: Montgomery        State: PA        Zip Code: 19474

4. Phone: 610-584-0700                              Fax:

5. Does the Firm practice from additional offices?                            ☐ Yes   ☑ No

   a. Please advise the address(es) of the additional locations and the names of each attorney at each location.

   b. Does responsibility for the Firm's other offices rest with management at your principal location?        ☐ Yes   ☐ No

   c. How are the date/docket and conflict of interest avoidance systems coordinated between the offices?

   d. Does the Firm practice as:      ☑ Corporation   ☑ Partnership   ☐ Individual   ☐ LLC   ☐ Other

6. Date Firm was established:    03 / 01 / 1992
                                 MM   DD    YY

7. Please list the names of all predecessor firms of the applicant Firm
   (Name only those firms where the applicant is a successor to the former firm's assets and liabilities.)

| Name of Former Firm | Year Established | Number of Partners/Officers |
|---|---|---|
| Mandracchia and McWhirk | March 1, 2008 | 2 |
| | | |
| | | |

## Applicant's Practice

8. Does the Firm or any of its attorneys share office space or staff with any other attorney(s) or with any other professional(s)?        ☐ Yes   ☑ No

9. If you are a Sole Practitioner, please advise the name, address, telephone number and professional liability carrier of your back-up attorney, who will be responsible for your affairs in the event of you are absent for an extended period of time.

10. Indicate the gross income for the applicable fiscal year.  (Gross income means all sums billed to clients for legal services rendered.)

| Year | Amount |
|------|--------|
| a. Current Projected | $ GROSS INCOME REDACTED |
| b. Past Fiscal Year | $ GROSS INCOME REDACTED |
| c. Second Past Fiscal Year | $ GROSS INCOME REDACTED |

11. List the areas of law practice in which the Firm practices (based upon gross revenue).

| Area of Practice Group A. | PCT | Area of Practice Group B. | PCT | Area of Practice Group C. | PCT |
|---|---|---|---|---|---|
| Administrative Law | | Appellate Law | | Bankruptcy | |
| Anti-Trust/Trade Regulation | | B.I./P.I. Defense | | Collections/Repossessions | |
| Arbitration/Mediation | | Civil Litigation Defense | | Corporate Formation Alterations | |
| Criminal Law | 15 | Civil Rights Defense | | Corporate General | |
| Immigration Law | | Employment Law Defense | | Divorce Law | |
| Juvenile Law | | Family Law | 15 | Estate/Probate/Wills/Planning | 10 |
| Lobbying | | General Litigation Defense | | 1 Foreclosures | |
| Traffic Law | | Insurance Defense | | Medical Malpractice Defense | |
| Workers Comp Defense | | Labor Management | | Taxation | |
| TOTAL GROUP A | | TOTAL GROUP B | | TOTAL GROUP C | |

| Area of Practice Group D. | PCT | Area of Practice Group E. | PCT | Area of Practice Group F. | PCT |
|---|---|---|---|---|---|
| 1Banking/Financial | 10 | 4Admiralty | | Bonds/Bond Financing | |
| Civil Litigation Plaintiff | 30 | 4B.I./P.I. Plaintiff | 20 | Labor Unions | |
| Communications/FCC | | 3Copyright/Trademark | | Limited Partnerships | |
| Construction Law/Litigation | | 4Civil Rights Plaintiff | | Money Management/Investments | |
| Environmental | | 4Employment Law Plaintiff | | Oil/Gas/Mineral | |
| General Litigation Plaintiff | | 2Entertainment Law | | Patent Law | |
| Real Estate Residential | 10 | Real Estate Commercial | | Securities (Federal & State) | |
| Tax Options | | Real Estate Syndication | | Sports/Entertainment Agent | |
| Title Law | | 4Workers Comp Plaintiff | | Other (Please describe) | |
| TOTAL GROUP D | | TOTAL GROUP E | | TOTAL GROUP F | |

If the Applicant Firm practices in an area the following notes, complete the appropriate supplement
(1)Financial Institution (2)Risk Management (3)Patent/Trademark/Copyright (4)PI/BI/PD Plaintiff Supplement

12. If your practice includes Real Estate law, please answer the following:

a. What percentage of the Firm's real estate revenue for the last fiscal year was derived from:

Residential: 100 %   Commercial: _____ %   Agricultural: _____ %   Industrial: _____ %   ☑Yes  ☑No

b. Does the Firm accept compensation for legal services on a basis of a commission or percentage of dollar value of a transaction? (If "yes", please provide full details).

on PERSONEL INJURY CASES

c. For each of the following that describes the Applicant Firm's real estate practice, please give an approximate percentage on a gross billings basis of the real estate income for the past 12 months:

| Service: | Percentage: |
|---|---|
| 1. Acquisition, sale, conveyance of title: | 100 % |
| 2. Land use regulation, subdivision (zoning, not environmental) | ____ % |
| 3. Construction documentation | ____ % |
| 4. Representation of secured lenders/borrowers | ____ % |
| 5. Partnerships and joint ventures | ____ % |
| 6. Eminent domain | ____ % |
| 7. Other (describe) | ____ % |
| TOTAL | 100% |

RSG 50034 0210

d. On a gross billing basis for the past 12 months, what percentage of the Applicant Firm's real estate revenue was derived from:

Speculative Real Estate    100    %          Non-Speculative Real Estate _____ %

13. If the Applicant firm does any Plaintiff Litigation Representation. Please answer the following:

   a. What is the average number of years experience in this area of law for attorneys in the Firm?    15

   b. What is the average case load per attorney on an annual basis?    Ø /5

   c. What is the estimated average dollar amount of judgments, awards and settlements?    $ SETTLEMENT DETAILS REDACTED

14. Does any member of the Firm provide professional services as a practicing real estate agent or broker, insurance agent, title insurance agent, investment advisor, mediator, arbitrator, accountant, trustee or securities broker/dealer? *(If yes, please provide full details)*          ☐Yes  ☑No

15. Has any member or former member of the Firm, at any time since January 1, 1981, provided any legal services or served as a fiduciary, committee member, director, officer, partner or employee of any Financial Institution? *(If yes, please complete the Financial Institution Supplement)*          ☐Yes  ☑No

16. Does the Applicant Firm advertise?          ☐Yes  ☑No
   *(If yes, please include in what type of media and include a copy of the ad and/or transcript)*

17. Has the Firm or any of its members or former members (while associated with the Firm), in the past five years provided services in any way related to a security or to activities or transactions (whether or not consummated) which are or maybe subject to the Securities Acts of 1933 and 1934, any state blue sky or securities law, and other law related to any purchase, sale or offer to purchase or sell a security or any rules or regulations issued pursuant to any of the foregoing?          ☐Yes  ☑No
   *(If yes, please complete the Securities Supplement)*

## Staff Information

18. Please list professional legal personnel by category, using the following *designations.
   *(Please attach a separate sheet if additional space is required.)*

   O=   Owner/Officer/Shareholder               S=   Sole Practitioner
   A=   Associate Attorney                      OC=  Of Counsel Attorney
   P=   Partner                                 RP=  Retired Partner
   EA=  Employed Attorney                       PT=  Part Time Attorney (less than 20 hours a month)

| Name of each Attorney | Firm Designation* | Year Admitted to the State Bar Association | Year Joined Firm | Primary Area of Practice Specialty | C.E. Yes or No. |
|---|---|---|---|---|---|
| Charles Mandracchia | Partner | 1988 | 1992 ~~2001~~ | COMMERCIAL LITIGATION | |
| Jeffrey Soderberg | | 1988 | 2005 | COMMERCIAL LITIGATION | |
| Stuart Schatz | | 1975 | 2014 | | |
| Christoper D. Mandracchia | | 2010 | 2015 | CRIMINAL | |
| | | | | | |
| | | | | | |

19. Please advise the following regarding the Applicant Firm's staff:

| *Total Number of Attorneys | # of Clerical Support Staff | # of Lawyers added within the past 12 months | # of Lawyers terminated or resigned past 12 months |
|---|---|---|---|
| 3 | 4 | 0 | 1 on 3/3/17 |

*If over 3 attorneys, please complete the **Risk Management Supplement**

## Risk Management

20. Is the office computerized or automated?    Yes ☑    No ☐

   a. If yes, what parts or areas of the operation and practice are computerized or automated?

   b. Web site address (if any)

   c. Does the firm or any of it's members render legal services over the Internet?    Yes ☐    No ☑
     *(If yes, please complete full details)*

21. Does the Firm maintain a docket/date control system and procedures with an independent date control(s) for all litigated and non-litigated items?    Yes ☑    No ☐

   a. Does the procedure provide for the immediate entry of dates, including statutory dates, procedural dates and deadlines that are applicable to the Firm's area(s) of practice?    Yes ☑    No ☐

   b. How many independent date controls are kept?

   c. How often are they cross-checked?    ☑ Daily    ☑ Weekly    ☑ Biweekly    ☑ Monthly

   d. Does the system have a procedure for daily verification of the completion or appropriate rescheduling of events?    Yes ☑    No ☐

   e. Does the ultimate responsibility for docket/date control of litigation rest with the attorney handling the case?    Yes ☑    No ☐

   f. **On the firm's letterhead, please describe how the applicant's docket/date control system operates.**    Yes ☑    No ☐

22. Does the Firm have a procedure for maintaining clients lists and identifying any actual or potential conflicts of interest? **(Please attach a description how your system works)**

   a. Does any Firm member have check signing authority for any client?    Yes ☐    No ☑

   b. If "yes", are dual signatures required?    Yes ☐    No ☑

   c. How many suits for fees have been filed in the last 2 years?    1

   d. How many have been successfully resolved?    1

   e. What steps have been taken to reduce the number of suits for fees in the future?

   f. Are client communication letters utilized for all new representation or declinations to represent?    Yes ☑    No ☐
     **(Please attach sample forms)**

23. Does any current member of the Firm provide any professional services to any clients in which any Firm member or SPOUSE serves as a director, officer, partner, trustee or own any equity or financial interest? *(If yes, please complete the Outside Interest Supplement or Trustee Supplement)*    Yes ☐    No ☑

**Claim History**

24. In the past (5) five years, has any professional liability claim or suit ever been made against the Firm, any predecessor firm, any current member of the Applicant Firm or predecessor firm or any former member of the Firm or predecessor firm?    Yes ☑    No ☐

    *If yes, How many?* 1_____    *Please complete the* **Claim Supplement** *and provide currently valued company loss runs.*

25. Does any attorney for whom coverage is sought know of any incident, act, error or omission that could result in a claim or suit against the Firm or any predecessor firm or any of the current or former members of the firm?    Yes ☐    No ☑

    *If yes, How many?* _____    *Please complete the* **Claim Supplement** *and provide currently valued company loss runs.*

26. Have all matters in Questions 24 and 25 been reported to the Firm's former or current insurer(s) or to the former insurer of any predecessor firm or former insurer of a current member of the Firm?    Yes ☑    No ☐

27. Has any attorney for whom coverage is sought been refused admission to practice, disbarred, suspended, reprimanded, sanctioned or held in contempt by any court, administrative agency or regulatory body? *(If yes, please provide full details)*    Yes ☐    No ☑

**Insurance History**

28. Please list the Firm's Professional Liability Insurance Coverage carried during the past five (5) years, including any periods without coverage.

| Name of Insurer | Policy Period From: MM/DD/YY TO: MM/DD/YY | Limits of Liability | Deductible/Retention | Premium | Number of Lawyers |
|---|---|---|---|---|---|
| Markel Insurance | 4/16/16-4/16/17 | 1 million/2million | 5,000 | 12,000 | 4 |
| Markel Insurance | 4/16/15-4/16-16 | 1million/2million | 5k | 9,000 | 5 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

29. Does the current policy have a prior acts limitation or retroactive date?    Yes ☑    No ☐
    *(This date should be the date which the firm first purchased claims made coverage that has been continuously renewed.)*
    If "yes", please indicate date:    04 / 16 / 2001
                                       MM   DD   YY
    *(Please forward a copy of the expiring declarations page and all endorsements)*

30. Has the Applicant Firm or any attorney for whom coverage is sought ever purchase an extended reporting endorsement? *(If "yes", please provide date purchased and term of endorsement)*    Yes ☐    No ☑

31. In the past five (5) years, has the Firm or any Firm member ever had professional liability insurance or similar insurance declined, cancelled or non-renewed? *(If "yes", please provide full details)*    Yes ☑    No ☐

32. Desired Limits: 1million_____    Desired Deductible: 2million_____

33. Desired Effective Date:  04 / 16 / 2017
                             MM   DD   YY

34. Please attach:
    a. A sample of the Firm's **Letterhead.**
    b. The Firm's Martindale Hubbell listing.
    c. A copy of your expiring policy declarations page and all endorsements.

**Representations**

The Applicant declares that the above statement and representations are true and correct, and that no facts have been suppressed or misstated. All written statements and materials furnished to the Company, in conjunction with this application will be incorporated by reference into this application and made part hereof.

This application does not bind the Applicant to buy, or the Company to issue the insurance, but it is agreed that this form shall be the basis of the contract should a policy be issued, and it will be attached to and made part of the policy. The undersigned Applicant declares that if the information supplied on this application changes between the dates of this application and the time when the policy is issued, the Applicant will immediately notify the company of such changes, and the Company may withdraw or modify any outstanding quotations and/or authorization or agreement to bind the insurance.

_____          SENIOR  PARTNER        3-3-17
Signature of the Insured, Owner, Partner or Principal          Title                    Date

| **RSUI Group, Inc.**<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | **CLAIMS SUPPLEMENTAL APPLICATION FOR LAWYERS**<br>**PROFESSIONAL LIABILITY INSURANCE** |
|---|---|

**Application Instructions:**
- This form is to be completed by the Applicant who has been involved in any claim or suit within the past five (5) years, or when the Applicant is aware of any circumstance that may lead to a professional liability claim.
- If additional space is needed, please use your letterhead.
- Please type or complete this supplement in ink.
- Please answer all questions completely.
- PLEASE DO NOT ATTACH SUIT PAPERS!
- PLEASE include currently valued company loss runs for the past 7 years.

1. Name of Applicant Firm: Mandracchia Law, LLC

2. Full name of individual(s) of firm involved in the claim: Keith M. McKnirk

3. Full name of Claimant: Mandracchia + Mcwirk LLC

4. Indicate whether: ☐ Claim/Suit ☐ Incident

5. Date of alleged error: ___/___/___  MM DD YY    Date of Claim: 05/08/2016 MM DD YY

6. Additional Defendants: _____

7. IF CLOSED:
   Total Loss Paid including Deductible: $ _____
   Indicate whether: ☐ Court Judgment ☐ Out of Court Settlement

8. IF PENDING:
   Claimant's settlement demand? $ _____
   Defendant's offer for settlement? $ _____
   Insurer's loss reserve? $ _____
   Deductible? $ _____
   Is claim in Suit? Yes☐ No☐   If "Yes", Amount asked in summons? $ _____

9. NAME OF INSURER: Markel Insurance Company

10. Description of claim: KEITH McKNIRK McKNIRK WAS DISCHARGED +HIS ACTIONS MAY lead to claim HE MISSED A SOL
    a. Alleged act, error or omission upon which Claimant bases claim: _____
    b. Description of case and events: PERSONAL INJURY
    c. Description of the type and extent of injury or damage sustained: INJURY NOT PERMANENT to Jan
    d. What measures have you or will you take to prevent similar claims form arising: FIRED Keith - Weekly meetings to go over Files

NOTICE

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions. Must be signed and dated by an Owner, Partner, or Principal as duly authorized on behalf of the applicant.

Signature of Owner, Partner or Principal    Title: Managing Partner    Date: 3/4/17

RSG 50034 0210

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA  30326-1160 | OUTSIDE INTEREST SUPPLEMENTAL APPLICATION FOR<br>LAWYERS PROFESSIONAL LIABILITY INSURANCE |
|---|---|

1. Name of Applicant Firm: _____

2. Name of client: _____

3. Date of affiliation with client:  ____ / ____ / ____
   MM   DD   YY

4. Nature of client's or entity's business: _____

5. Services provided to the client: _____

6. Name of individual with relationship to client: _____

7. Position held in relationship to Question 2. above: _____

8. Percent of Equity held: _____ %        Dollar Value    $_____

9. Annual percentage of Applicant Firm's gross billings derived from this client: _____ %

10. Name of individual who performed services for client in Question 2 above: _____

11. Is the current client listed under Question 2?                    ☐ Yes        ☐ No

NOTICE
I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions.
Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

_____          _____          _____
Signature of Owner, Partner or Principal                Title                              Date

RSG 50034 0210

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA  30326-1160 | PERSONAL INJURY/BODILY INJURY/PROPERTY DAMAGE/<br>CIVIL RIGHTS/DISCRIMINATION PLAINTIFF LITIGATION<br>SUPPLEMENTAL APPLICATION FOR LAWYERS<br>PROFESSIONAL LIABILITY INSURANCE |
|---|---|

1. Name of Applicant: _____

2. Please advise the names of attorneys and years of experience in the personal injury/bodily injury/property damage/civil rights/discrimination plaintiff areas of law below:

| Name of Attorney | Years Experience |
|---|---|
| CHARLES MANDRACHIA | 29 YEARS |
| JEFF SODERBERG | 29 Years |
|  |  |
|  |  |

Use additional sheets if necessary

3. Average caseload per attorney on an annual basis:  5 CASES

4. Type of plaintiff cases handled: _____

5. Percentage of cases:   Settled before trial _____ %   Case tried to conclusion: _____ %   Other _____ %

6. What is the estimated average dollar size of judgments, awards and settlements in BI/PI or Civil Rights/Discrimination Plaintiff cases?   $ _____

7. Has the Applicant Firm ever handled, currently handle or intend to handle or be involved with any class action/mass tort litigation matters? *If Yes, please complete our Class Action/Mass Tort Supplement*   ☐ Yes   ☐ No

8. Has the applicant had referral or split fee arrangements within the last 2 years?   ☐ Yes   ☐ No
*If Yes, please provide full details (including number of matters annually, types of litigation referred and does the applicant require other Lawyers or Law Firms to maintain their own lawyers professional liability coverage)*

9. Please describe three (3) largest settlements/awards within the past 12 months and type of cases involved.

| DOLLAR AMOUNT | TYPE OF CASE |
|---|---|
| $ | SETTLEMENT DETAILS REDACTED |
| $ | SETTLEMENT DETAILS REDACTED |
| $ | SETTLEMENT DETAILS REDACTED |

**NOTICE**
I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions.
Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

Signature of Owner, Partner or Principal _____

Title   MANAGING PARTNER

Date   3/4/17

RSG 50034 0210

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | FINANCIAL INSTITUTION SUPPLEMENTAL APPLICATION<br>FOR LAWYERS PROFESSIONAL LIABILITY INSURANCE |
|---|---|

**NOTE:** Financial Institution means any savings and loan association, bank, credit union, savings bank, banking and loan association, commercial banking institution or any similar subsidiary or affiliate thereof. Please attach a separate sheet should you need more space in order to explain your activities more fully.

1. Name of Applicant: Mandracchia Law, LLC

2. Since January 1, 1981, has any member of the Applicant Firm or any of its predecessors represented ☐ Yes ☑ No
any financial institution which has been declared insolvent or operated under regulatory direction or a regulatory agreement?
*(If yes, please provide the name and location of the financial institution, dates and nature of services provided)*

TD BANK, NA...... PA 2006- Present........Services Provided: Commercial Workout

Customers Bank.....PA 2011-Present......Services Provided: Commercial Workout

3. Since January 1, 1981, has any member of the Applicant Firm or any of its predecessors served as ☐ Yes ☑ No
general counsel, CEO, Chairman, President or any other officer, director or member of any committee of any financial institution?
*(If yes, please provide the names of the attorney(s), dates and description of services provided, official capacity and the name and location of the financial institution represented)*

4. Since January 1, 1981, has any member of the Applicant Firm or any of its predecessors had any equity ☐ Yes ☑ No
interest in any financial institution?
*(If yes, please provide the names of the attorney(s), dates and description of services provided, official capacity, dollar and percentage value of equity and the name and location of the financial institution represented)*

**NOTICE**
I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions
Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

| _Signature of Owner, Partner or Principal_ | MANAGING PARTNE<br>Title | 3-8-12<br>Date |
|---|---|---|

| **RSUI Group, Inc.**<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA  30326-1160 | **RISK MANAGEMENT SUPPLEMENTAL APPLICATION FOR<br>LAWYERS PROFESSIONAL LIABILITY INSURANCE** |

1. Name of Applicant: _MONRAGHA  LAW_

2. Does the Applicant Firm practice Entertainment Law, Investment Counseling or Money Management services? ☐ Yes ☑ No

   If "yes", please answer the following:

   a. Name(s) of Client(s): _____

   b. Does the Applicant Firm have authority to write or sign checks for any of your entertainment or investment clients? ☐ Yes ☐ No

   c. Does the Applicant Firm counsel these clients regarding their assets, or make investments from them? ☐ Yes ☐ No

   d. Does the Applicant Firm, or any related or controlled entity, negotiate personal appearances by your Clients or serve as an artist's manager or talent agency? ☐ Yes. ☐ No

   e. Does the Applicant Firm negotiate or arrange financing other than normal contract negotiations? ☐ Yes ☐ No

   f. Does the Applicant Firm receive any compensation from lenders for arranging financing? ☐ Yes ☐ No

3. Has the Applicant Firm or any of its members accepted a royalty interest from any oil or gas/natural resources client? ☐ Yes ☑ No

4. Does, the Applicant Firm evaluate prospective clients to determine the client's financial strength, management Expertise, reputation, nature of business and any history of changing attorneys? ☑ Yes ☐ No

5. Does the Applicant Firm evaluate prospective clients to determine the client's financial strength, management Expertise, reputation, nature of business and any history of changing attorneys? ☑ Yes ☐ No

6. Does the Applicant Firm have a plan to relocate to an "off site" facility in the event of an unexpected emergency? ☐ Yes ☑ No

7. Does the Applicant Firm have a Peer Review program? ☐ Yes ☑ No

8. Is a procedure in place through which partner/shareholder files are periodically and randomly reviewed by other Partners/shareholders? ☑ Yes ☐ No

9. Does a Firm committee review all new cases prior to their acceptance? ☑ Yes ☐ No

10. For those Applicant Firms who have additional locations, is a centralized computer system (between the main office and the branches) utilized for date and docket control as well as for conflict of interest avoidance? ☐ Yes ☐ No   _N/A_

11. Please describe the Firm's fundamental position regarding risk management (please comment on any risk management systems, who in the Firm oversees such systems, is there a centralized system that includes any branch offices, is there a program in place that oversees the practice of each firm member, etc.)

    _MEETINGS to DISCUSS cases_
    _CALLs to clients to check on WORK Done_

**NOTICE**

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions.

Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

| _[signature]_ | _MANAGING PARTNE_ | _3-3-1_ |
| Signature of Owner, Partner or Principal | Title | Date |

RSG 50034 0210

| **RSUI Group, Inc.**<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA  30326-1160 | **TRUSTEE SUPPLEMENTAL APPLICATION FOR LAWYERS<br>PROFESSIONAL LIABILITY INSURANCE** |
|---|---|

1. Name of Applicant: _____ *N/A* _____

2. Name of trust: _____

3. Date trust was established: ____ / ____ / ____     Value of trust: $ _____
   <br>MM   DD   YY

4. Services provided to the trust: _____

5. Is a written agreement of duties as trustee in place?　　　　　　　☐Yes　☐No

   a. Please attach the Trust Document.

   b. Are dual signatures required on all Trust documents?　　　　　☐Yes　☐No

6. Do the activities as trustee include investment decisions resulting in the purchase or sale of:

   a. Securities?　　　　　　　　　　　　　　　　　　　　　　　　☐Yes　☐No

   b. Real Estate?　　　　　　　　　　　　　　　　　　　　　　　☐Yes　☐No

   c. Other Investments?　　　　　　　　　　　　　　　　　　　　☐Yes　☐No

7. Does the Trustee receive compensation from the purchase or sale in the form of a commission or fee?　☐Yes　☐No

8. Is an independent audit of the trust conducted?　　　　　　　　　☐Yes　☐No

9. Is a report to a court or outside authority required?　　　　　　　☐Yes　☐No

10. Please provide a narrative describing the purpose of the trust: _____

_____

11. Please describe any controls in place to monitor trust activity by a third party: _____

_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☐Yes　☐No

12. Do any of the Trustees have a current loan, or have they ever had a loan, from the trust?

13. If applicable, in what year is the trust to be dissolved? _____

NOTICE

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions.

Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

_____　　　　_____　　　　_____
Signature of Owner, Partner or Principal　　　　Title　　　　Date

| **RSUI Group, Inc.**<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | **SECURITIES PRACTICE SUPPLEMENTAL APPLICATION FOR<br>LAWYERS PROFESSIONAL LIABILITY INSURANCE** |
|---|---|

1. Name of Applicant:  *N/A*

2. List on a separate sheet the securities transacted the Applicant Firm has been involved with during the past three years. This information should be categorized and reported in the format shown below:

   a. Securities registered under the Securities Act of 1933.

      (1) Date of Offering

      (2) Name and Address of Issuer

      (3) Underwriter

      (4) Dollar Size of Offering

      (5) Description of Security

      (6) Rating of Issue

      (7) Accountant

      (8) Type of Business

      (9) Number of State in which offered

      (10) Client Represented (issuer, selling shareholders or underwriters)

   b. Municipal Bonds.

      (1) Date of Offering

      (2) Name and Address of Issuer

      (3) Underwriter

      (4) Dollar Size of Offering

      (5) Description of Security (general obligation bond, revenue bond or industrial development bond)

      (6) Bond Rating Service (i.e. Standard & Poors or Moodys)

      (7) Bond Rating Assigned to Offering

      (8) Client Represented (issuer, borrower or underwriters)

   c. Private Placements and Sate Securities law filings not encompassed under a. or b. above.

      (1) Date of Offering

      (2) Name and Address of Issuer

      (3) Underwriter

      (4) Dollar Size of Offering

      (5) Description of Security

      (6) Rating of Issue

(7)  Accountant

(8)  Type of Business

(9)  Number of State in which offered

(10) Client Represented (issuer, selling shareholders or underwriters)

3.  During the past three years, has the Applicant Firm represented any client who has attempted     ☐ Yes     ☐ No
    or completed hostile or Contested takeovers or mergers?

4.  What steps does the Applicant Firm take to satisfy "due diligence" requirements under Federal, State Securities Acts?

_____

_____

5.  Please attach a listing for each Applicant Firm member involved in securities law (also provide years of experience in the
    securities field):

_____

_____

_____

NOTICE

I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty
and conditions.
Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

_____      _____      _____
Signature of Owner, Partner or Principal      Title                    Date

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | PATENT/TRADEMARK/COPYRIGHT SUPPLEMENTAL<br>APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY<br>INSURANCE |
|---|---|

1. Name of Applicant: _____ N/A _____

2. Please advise the names of attorneys and years of experience in the intellectual property area of law below:

| Name of Attorney | Years Experience |
|---|---|
|  |  |
|  |  |
|  |  |

3. Please describe in detail the procedures in place for the docketing of patent/trademark/copyright deadlines:

_____

4. Does the Applicant Firm assume responsibility for the payment of maintenance fees for any of your clients? *(if yes, please provide full details and procedures)*    ☐ Yes    ☐ No

5. Does the Applicant Firm employ the services of other companies to perform searches relating to the Applicant's Clients? *(If yes, please provide the steps taken to ensure an accurate search)*    ☐ Yes    ☐ No

6. Does the Applicant Firm expressly prohibit the acceptance of equity or other financial interest in a client's product or invention in exchange for legal services?    ☐ Yes    ☐ No

7. Please provide a breakdown by gross income the types of services rendered in the past 12 months:

| | |
|---|---|
| Domestic and Foreign Searches | _____ % |
| Domestic Patent Litigation | _____ % |
| Foreign Patent Litigation | _____ % |
| Domestic Patent Prosecution/Registration | _____ % |
| Foreign Patent Prosecution/Registration | _____ % |
| Domestic Intellectual Property Licensing/Contracts | _____ % |
| Foreign Intellectual Property Licensing/Contracts | _____ % |
| Trademark/Copyright | _____ % |
| Other (please describe) | _____ % |
| **Total** | **100%** |

8. When performing services for a client in a foreign country, does the Applicant Firm associate itself with a local firm to represent the client's foreign interest?    ☐ Yes    ☐ No

9. Does the Applicant Firm require the client written acknowledgement the specific territories and countries in which the PTC filing is to be made?    ☐ Yes    ☐ No

NOTICE
I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions.
Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

_____    _____    _____
Signature of Owner, Partner or Principal        Title                    Date

| **RSUI Group, Inc.**<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | **NEW LAWYER SUPPLEMENTAL APPLICATION FOR LAWYERS**<br>**PROFESSIONAL LIABILITY INSURANCE** |
|---|---|

1. Name of Applicant: _____

2. Insured's Policy Number: _____

3. Date new lawyer joined the Applicant Firm: ___ / ___ / ___
                                            MM  DD  YY

4. Complete the following grids for the new lawyer who joined the Firm.

| Name of New Lawyer | Designation Code | Lawyer's Individual Specialty | Years in Practice | Continuing Education (Yes or No) |
|---|---|---|---|---|
| | | | | |

Designation Codes:    O Officer, Director, or Shareholder    E Employed lawyer    M Member of the Firm
                                  P Partner                          OC Of Counsel

| | Name of Insurer | Policy Period From: MM/DD/YY To: MM/DD/YY | Limits of Liability | Deductible/Retention |
|---|---|---|---|---|
| Current Year | | | | |
| Prior Year 1 | | | | |
| Prior Year 2 | | | | |

5. Is the new lawyer, identified in question 4 above, aware of any professional liability claims or suits made against him or her in the past five years, or any circumstances, acts, error or omissions ever that could result in a professional liability claim or suit?
   *(If yes, please complete a separate Supplemental Claim Form for each claim or incident).*  ☐Yes  ☐No

6. During the past five years, has any insurance carrier or Lloyds cancelled or refused to renew any Lawyers Professional Liability policy covering the new lawyer?  ☐Yes  ☐No

   *If yes, please provide full details* _____

7. Has the new lawyer, identified in question 4 above, ever been refused admission to practice, disbarred, suspended from practice, formally reprimanded or been the subject of disciplinary action? *(If yes, we will need to see documentation regarding this matter)*  ☐Yes  ☐No

_____

8. Please list law firms and/or employers and dates of employment for the past five years:

| Former Position | Dates Employed by Former Firm | Name of Former Law Firm |
|---|---|---|
| | | |
| | | |
| | | |

**NOTICE**
I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions.
Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

_____    _____    _____
Signature of Owner, Partner or Principal    Title    Date

_____    _____    _____
Signature of New Lawyer    Title    Date

| RSUI Group, Inc.<br>945 East Paces Ferry Road, Suite 1800<br>Atlanta, GA 30326-1160 | MASS TORT/CLASS ACTION SUPPLEMENTAL<br>APPLICATION FOR LAWYERS PROFESSIONAL LIABILITY<br>INSURANCE |
| --- | --- |

1. Name of Applicant: _____

2. What types of mass tort or class action cases do you handle (details regarding issues, types of products)? _____

3. The firm's organizational approach to handling mass tort cases (Please describe): _____

4. Number of years applicant firm has been handling mass tort cases: _____

5. How many mass tort or class action cases have you handled in the past 5 years? _____

   a. For these cases are you: ☐ The "lead" attorney?   ☐ The "local" attorney?   ☐ The "referring" attorney

   b. Do you represent clients in other jurisdictions?   ☐ Yes   ☐ No

   If yes, where? _____

6. What types of mass tort or class action cases are handled in other jurisdictions? _____

   a. If cases are only referred to other firms, are these other firms in other jurisdictions?   ☐ Yes   ☐ No

   If yes, where? _____

   b. If cases are only referred to other firms, how is your firm compensated for these referrals? _____

   c. Of the number of mass tort cases the firm handles, what percentage cases in which the firm involves outside, local or co-counsel? _____

   d. If outside counsel is involved, provide the firm's procedure to monitor or control such cases. _____

   e. Does the applicant firm require that any firm they co-counsel, refer or accept as referrals carries their own Lawyer Professional Liability Insurance Coverage?   ☐ Yes   ☐ No

7. What percentage of your firm's billings is derived from mass tort or class action work? _____

8. What is the average dollar value of each case (potential damages)?   $_____

9. Provide a detailed description of advertising and submit samples.

10. Please list all class action or mass tort cases currently pending.

NOTICE
I understand that the information submitted herein becomes a part of my professional liability application and is subject to the same warranty and conditions.
Must be signed and dated by an Owner, Partner or Principal as duly authorized on behalf of the Applicant.

_____          _____          _____
Signature of Owner, Partner or Principal          Title          Date