IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO. 18-4949 |
| CHARLES MANDRACCHIA, et al., | : : | |
| Defendants. | : | |

**MEMORANDUM**

**Tucker, J.**                                                                                                  **August _19___, 2019**

Presently before the Court is Defendant Keith M. McWhirk's ("Defendant" or "Defendant McWhirk") Motion to Dismiss, in which Defendant requests that this Court decline to exercise jurisdiction over the underlying declaratory judgment action filed by Plaintiff Landmark American Insurance Company ("Plaintiff"). For the reasons set forth below, the Court DENIES Defendant's Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On November 15, 2018, Plaintiff—an insurance company—filed its Complaint against Defendants Charles Mandracchia; Keith McWhirk; Mandracchia Law, LLC; Mandracchia & Modesti, LLC; and Mandracchia & McWhirk, LLC (collectively "Mandracchia Law Defendants" or "Defendants") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure. Compl. 1, Doc. 1. Plaintiff seeks a declaratory judgment with respect to its duty to defend and indemnify the Mandracchia Law Defendants in an underlying state action pending in the Superior Court of New Jersey, Cape May County, Law Division, Case No. CPM-L-9-18. Compl. 1–2, Doc. 1.

The underlying state court action—*Bryan Bell, et al. v. Charles Mandracchia, et al.* (the "*Bell* lawsuit")—involves the fraudulent transfer of property by forged deed. Compl. 3, Doc. 1. On January 9, 2018, the *Bell* Plaintiffs filed suit against various defendants—including the Mandracchia Law Defendants—that were allegedly involved in the fraudulent transfer. Compl. 3, Doc. 1. The *Bell* Plaintiffs have sued the Mandracchia Law Defendants "for malpractice in their role as the attorneys hired to remediate and otherwise recover losses associated with the" fraudulent transfer. Pl.'s Reply 2, Doc. 11. The *Bell* Plaintiffs allege that the Mandracchia Law Defendants missed the statute of limitations to file suit to recover the fraudulently transferred property. Pl.'s Reply 2, Doc. 11. The *Bell* Plaintiffs "seek[] damages arising out of the Mandracchia Law Defendants' alleged negligence, legal malpractice, breach of contract, and breach of fiduciary duty." Compl. 3, Doc. 1.

Although Plaintiff is not a party in the underlying state court action, Plaintiff issued a professional liability policy ("Landmark Policy") to Defendant Mandracchia Law, LLC. Pl.'s Compl. 5, Doc. 1. In this federal action, Plaintiff seeks a declaration that it owes no duty to defend or indemnify the Mandracchia Law Defendants—based on policy exclusions in Plaintiff's insurance policy—in the *Bell* lawsuit. Compl. 1–2, Doc. 1.

## II. STANDARD OF REVIEW

"A federal district court's discretion to decline jurisdiction depends on whether the complaint seeks legal or declaratory relief." *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017). "[F]ederal courts have a virtually unflagging obligation to exercise jurisdiction" when an action seeks legal relief. *Id.* Conversely, when an action seeks declaratory relief, federal district courts "may decline jurisdiction under the Declaratory Judgment Act [("DJA")]." *Id.*

The DJA provides, in pertinent part, that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]his confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). This discretion deviates from the "general rule that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Id.* (internal citations omitted).

In *Reifer*, the Third Circuit directed district courts to consider the following factors, as applicable, when deciding whether to exercise discretionary jurisdiction under the DJA:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.

Importantly, "the absence of a pending parallel state proceeding" creates a rebuttable presumption in favor of jurisdiction. *Reifer*, 751 F.3d at 144; *See, e.g., Western World Ins. Co. v. Alarcon and Marrone Demolition*, No. 14-6617, 2015 WL 3622896, at *2 (E.D. Pa. June 9, 2015); *Nationwide Prop. & Cas. Ins. Co. v. Shearer*, No. 14-735, 2015 WL 1186008, at *6 (W.D. Pa. Mar. 13, 2015); *Conroy v. Travelers Home and Marine Ins. Co.*, 15-743, 2015 WL

3

4633772, at *2 (W.D. Pa. Aug. 3, 2015). A state proceeding parallels a federal action when it "present[s] the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. A parallel state court proceeding permits "all the matters in controversy between the parties" to "be fully adjudicated." *Id.*

This Court analyzes Defendant's motion to dismiss within this framework.

### III. DISCUSSION

While there is no dispute that this Court possess jurisdiction over this action pursuant to 28 U.S.C. § 1332(a),[i] Defendant requests that this Court abstain from exercising discretionary jurisdiction under the DJA. Def.'s Br. Supp. Mot. Dismiss 1, Doc. 10-1. Defendant argues that there is a pending parallel state court proceeding—the *Bell* lawsuit—and the Court's exercise of jurisdiction would "require the resolution of a significant number of factual and legal issues . . . which are better resolved and adjudicated in the underlying [*Bell*] litigation pending in the New Jersey Superior Court." Def.'s Mot. Dismiss 2, Doc. 10.

In response, Plaintiff argues that there is no parallel state law proceeding in the New Jersey Superior Court and that this matter is "most appropriately litigated before this Court." Pl.'s Reply 7, Doc. 11.

In deciding whether to exercise the Court's discretionary jurisdiction, the Court will first determine whether there is a parallel state proceeding. *See Reifer*, 751 F.3d at 143–46.

---

i    This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Georgia, Defendants Charles Mandracchia; Mandracchia Law, LLC; Mandracchia & Modesti, LLC; and Mandracchia & McWhirk, LLC are citizens of Pennsylvania, Defendant Keith McWhirk is a citizen of New Jersey, and the amount in controversy exceeds $75,000.00. Compl. 2–3, Doc. 1.

4

### A. The Existence of a Parallel State Proceeding

Here, there is no parallel state proceeding. First, Plaintiff is not a party to the underlying state court action—the *Bell* lawsuit. Second, Plaintiff's obligation to defend and indemnify Defendants is not the same issue as Defendants' liability in the underlying state court action. Therefore, the resolution of the *Bell* lawsuit will not resolve the issue concerning Plaintiff's obligation to defend and indemnify Defendants. *See Trustgard Ins. Co. v. Fagan*, No. 18-0714, 2018 WL 3631935, at *3 (M.D. Pa. July 31, 2018) (finding no parallel state proceeding where the question of the insurance company's obligations was not present in the state action and the insurance company was not a party to the state action); *Foremost Ins. Co. v. Nosam, LLC*, No. 17-2843, 2018 WL 417035, at *2 (E.D. Pa. Jan. 12, 2018) (finding no parallel state proceeding because the state negligence action "will not resolve the issue in this case of whether Foremost [Insurance Co.] has a duty to defend and indemnify").

In this action, the absence of a parallel state proceeding "militates significantly in favor of exercising [discretionary] jurisdiction" under the DJA. *Reifer*, 751 F.3d at 144. This presumption, however, is rebuttable if it is outweighed by the other *Reifer* factors. *Id.* ("[A]s part of exercising sound and reasoned discretion, district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors."). Accordingly, this Court will now consider the remaining *Reifer* factors.

### B. The *Reifer* Factors

#### i. *Likelihood of Resolution*

The first *Reifer* factor contemplates the likelihood that a federal court declaration will resolve the uncertainty giving rise to the controversy. *Id.* at 146. Plaintiff's declaratory judgment action seeks to resolve a coverage dispute that hinges on various policy exclusions in the

5

Landmark Policy. Clearly, a decision by this Court will resolve the uncertainty of Plaintiff's obligation to defend and indemnify the Mandracchia Law Defendants. Therefore, this factor weighs in favor of this Court's exercise of discretionary jurisdiction.

### ii. Convenience

The second *Reifer* factor considers the convenience of the parties. *Id.* at 146. Defendants Charles Mandracchia; Mandracchia Law, LLC; Mandracchia & Modesti, LLC; and Mandracchia & McWhirk, LLC are citizens of Pennsylvania. Pl.'s Compl. 3, Doc. 1. Although Defendant McWhirk is a citizen of New Jersey, Defendant McWhirk has not specified why this Court would be an inconvenient forum; particularly since Defendant McWhirk "worked for the Mandracchia firm in Pennsylvania." Pl.'s Reply 14, Doc 11. Because the majority of the Mandracchia Law Defendants are citizens of Pennsylvania and Defendant McWhirk does not appear to suffer a substantial inconvenience, the second *Reifer* factor weighs in favor of this Court's exercise of discretionary jurisdiction.

### iii. Public Interest

The third *Reifer* factor considers the "public interest in settlement of the uncertainty of obligation." *Reifer*, 751 F.3d at 146. This factor weighs neither for nor against this Court's exercise of jurisdiction. *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 240 (E.D. Pa. 2014) ("[T]he public interest in settling the uncertainty of Scottsdale's [insurance coverage] obligation weighs neither for nor against a resolution in federal court.").

### iv. Other Available Remedies

The Fourth *Reifer* factor is the "availability and relative convenience of other remedies." *Reifer*, 751 F.3d at 146. Plaintiff is not a party to the *Bell* lawsuit and even if Plaintiff filed the same declaratory judgment action in New Jersey state court, to do so now would require the

filing of a new action. "Because this action already exists, it is arguably more convenient for the parties to litigate their insurance coverage dispute in this federal forum, rather than start anew in state court." *See Nationwide Prop. & Cas. Ins. Co. v. Zatyko*, No. 16-1010, 2016 WL 6804436, at *4 (E.D. Pa. Nov. 16, 2016) (determining that the fourth *Reifer* factor either weighed in favor of exercising jurisdiction or was neutral because even though the parties could seek declaratory relief in state court, they would be required to commence a new action in state court). Accordingly, this factor weighs in favor of this Court's exercise of discretionary jurisdiction.

### v. Policy of Restraint & Duplicative Litigation

The fifth and sixth *Reifer* factors consider the federal courts' general policy of restraint when the same issues are pending in a state court and the avoidance of duplicative litigation. *Reifer*, 751 F.3d at 146. Since the Court has determined that the *Bell* lawsuit—the underlying state court action—is not a parallel proceeding, these *Reifer* factors weigh in favor of this Court's exercise of discretionary jurisdiction.

### vi. Procedural Fencing

The seventh *Reifer* factor seeks to prevent the use of the "declaratory judgment action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*." *Id.* at 146. This factor is not applicable because Plaintiff is not a party to the *Bell* lawsuit and there is no parallel state proceeding. *See Zatyko*, 2016 WL 6804436, at *4 (finding that there did "not appear to be any concern about the use of [the] declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*" especially because there was no pending parallel state action).

### vii. *Conflict of Interest*

The eighth *Reifer* factor—which is applicable in the insurance context—identifies an "inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion." *Reifer*, 751 F.3d at 146. This factor is inapplicable because, as discussed above, there is no pending parallel state proceeding to consider in this case. *See Sechrist v. Farmland Mut. Ins. Co.*, No. 16-1155, 2016 WL 6082132, at *2 (M.D. Pa. Oct. 18, 2016) (concluding that the eighth factor is inapplicable where there is no pending parallel state proceeding); *Zatyko*, 2016 WL 6804436, at *4 (finding no conflict of interest because the underlying state court action did not present issues related to questions of insurance coverage); *Westfield Ins. Co. v. Wertz*, 2011 WL 2135579, at *3 (E.D. Pa. 2011) (finding no conflict of interest because the parties were not litigating insurance coverage issues in the underlying state action). Because "the facts at issue in the [*Bell* lawsuit] are not at issue in [this] declaratory judgment action . . . there is no danger that [Plaintiff] will establish facts in the declaratory judgment action that could prejudice [the Mandracchia Law Defendants] in the state court suit." *Id.* at *3.

Accordingly, having determined that there is no parallel state proceeding, and weighing the eight *Reifer* factors, all of which either favor the Court's exercise of jurisdiction or are neutral, the Court concludes that it is appropriate to exercise its discretionary authority to maintain jurisdiction over the instant litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion. An appropriate Order follows.